STATE OF NEBRASKA, APPELLEE, V. WILLIAM M. CLEAR, APPELLANT.

463 N.W.2d 581

Filed November 30, 1990.   No. 89-1355.

Lorin C. Galvin for appellant.

Robert M. Spire, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In his motion for postconviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989), William M. Clear alleged that he was denied the constitutional right to effective assistance of counsel, see U.S. Const. amend. VI and Neb. Const. art. I, § 11, at Clear's hearing for sentencing on his conviction for attempted robbery. Clear claimed that he had ineffective counsel because his lawyer did not supply Clear with the complete presentence report used by the sentencing judge. After an evidential hearing, the district court for Douglas County denied postconviction relief to Clear, who appeals and claims that he was "denied of his due process rights to effective assistance of counsel because [Clear] was denied the opportunity to see and read his pre-sentence report [which] contained a letter which prejudiced [Clear] by containing materially untrue information accusing [Clear] of uncharged crimes." Brief for appellant at 1.

## STANDARD OF REVIEW

In an evidentiary hearing, as a bench trial provided by §§ 29-3001 et seq. for postconviction relief, the trial judge, as the "trier of fact," resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. Cf. *State v. Craig*, 219 Neb. 70, 80, 361 N.W.2d 206, 214 (1985) ("In a bench trial of a criminal case, the court, as the 'trier of fact,' is the sole judge of the credibility of witnesses and the weight to be given to their testimony"). In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Pearson*, 220 Neb. 183, 368 N.W.2d 804 (1985).

*State v. Williams*, 224 Neb. 114, 116, 396 N.W.2d 114, 116 (1986).

## BACKGROUND OF CLAIM

Initially, the State charged Clear with attempted robbery of a Ginn Oil food store and use of a firearm in the attempted robbery. Pursuant to a plea agreement, Clear pled guilty to attempted robbery, and the State dismissed the charge that Clear used a firearm in the attempted robbery. Two weeks before the sentence hearing, a probation officer sent a letter to Clear and his lawyer, notifying them that the presentence report on Clear was available for their review. When Clear contacted his lawyer and told him about the letter, the lawyer said that before Clear's sentence hearing, they would review the presentence report, which included a letter from William F. Ginn, president of Ginn Oil Company.

Although Clear's lawyer never showed Clear the presentence report before the sentence hearing, the lawyer did discuss the "contents" of the presentence report with Clear, including the Ginn letter. Consequently, before the sentence hearing, Clear never saw the letter from Ginn, but did visit with his lawyer regarding the letter and whether the letter's "allegations were true." Without examining Ginn's letter in the presentence report, Clear, nevertheless, denied the events mentioned in the letter.

At the sentence hearing, the court recounted some of the information in the presentence report containing the letter in which Ginn accused Clear of a prior armed robbery of a Ginn Oil food store, the attempted armed robbery involved in the present case, and intimidation of potential witnesses to prevent their testifying against Clear. Regarding the prior armed robbery, Ginn said that Clear "robbed our station on South 13th before [and] used the same gun . . . ." Concerning the present charge, Ginn stated that Clear, wearing a ski mask, entered the robbery site and

> was armed with a pellet gun which he aimed at our attendant Jim Allen and then demanded money. When our employee refused to give him any money [Clear] then lifted the hinge counter-top and went behind the counter where our employee was standing. While at gunpoint our employee managed to spray [Clear] in the face with MACE. [Clear] then tried to flee, but was unable to because our employee wrestled him to the ground outside of the building. [Clear] was held down on the ground until the police arrived at the scene of the crime. Sometime during the scuffel [sic], our employee was bitten by [Clear].

In the letter, Ginn also requested that the court sentence Clear to "jail where he needs to be to learn how to be a deserving citizen of our community."

When the court inquired whether there was "[a]nything either party wishes to say as regards the matter of sentencing in this particular case," Clear's lawyer responded:

> Yes, Judge.
>
> . . . .
>
> The owner of the station had submitted a letter to the Probation Office concerning their thoughts that Mr. Clear was involved in another robbery at the same station. That is inaccurate, Judge. Mr. Clear was not involved with any robbery of that station.
>
> They expressed some concern about the problems they had with their clerks leaving because of this.
>
> I ask the Court to consider only that Mr. Clear is charged with this one incident, attempted robbery, to

which he has pled guilty.

After the statements by Clear's lawyer, the court asked, "Anything you wish to say, Mr. Clear?" Clear answered:

I know I broke the law, sir. I haven't been in trouble for a long time. I would like to have a chance and I'll never see the Court or a traffic ticket again.

I know I broke the law. I'm not saying I didn't break the law. In fact, at the time I didn't know what I was arrested for.

But I would like to have another chance. You won't see me on a traffic ticket, Your Honor.

And I have been going to AA since I've been out and trying to help myself, Your Honor.

After the foregoing comments, Clear's statements to the court related, generally, to Clear's personal history, including his prior convictions, with no reference to or question concerning the circumstances of the attempted robbery or the contents of Ginn's letter which was in the presentence report and had been mentioned by Clear's lawyer during the sentence hearing.

After the court sentenced Clear to imprisonment for a term of 5 to 8 years, this court summarily affirmed the district court's judgment. See *State v. Clear*, 227 Neb. xxiv (case No. 87-916, Mar. 16, 1988).

## SENTENCE HEARING
### *Due Process Considerations.*

Due process requires that a sentencing judge have relevant information as the basis for a sentence imposed on a convicted defendant. *State v. Barker*, 231 Neb. 430, 436 N.W.2d 520 (1989); *State v. Goodpasture*, 215 Neb. 341, 338 N.W.2d 446 (1983); *State v. Porter*, 209 Neb. 722, 310 N.W.2d 926 (1981); *State v. Rose*, 183 Neb. 809, 164 N.W.2d 646 (1969). In a sentence hearing, a court, generally, has broad discretion concerning the source of information and the type of information to be considered. *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972); *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949).

"A sentencing judge may consider relevant information

contained in a presentence report on the defendant to determine an appropriate sentence within the statutorily authorized penalty, punishment, or disposition applicable to the crime for which the defendant has been convicted." *State v. Bunner*, 234 Neb. 879, 889, 453 N.W.2d 97, 103 (1990).

"[A] convicted defendant, even in a noncapital case, has a due process right to inquire into an incorrect assumption by the sentencing judge, untrue information materially affecting a prospective sentence, or other misinformation which a court may use in determining what sentence will be imposed." *State v. Barker, supra* at 435, 436 N.W.2d at 523.

*Presentence Report.*

Neb. Rev. Stat. § 29-2261(6) (Reissue 1989) statutorily regulates access to a presentence report:

Any presentence report or psychiatric examination shall be privileged and shall not be disclosed directly or indirectly to anyone other than a judge, probation officers to whom an offender's file is duly transferred, or others entitled by law to receive such information. The court may permit inspection of the report or examination of parts thereof by the offender or his or her attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender. The court may allow fair opportunity for an offender to provide additional information for the court's consideration.

As a result of the qualified right to review the entire presentence report on the defendant, a convicted defendant, with counsel, may examine the presentence report subject to the court's supervision, which includes the court's redaction of any information deemed confidential or privileged. *State v. True, ante* p. 274, 460 N.W.2d 668 (1990).

*Inspection of Presentence Report: Waiver.*

A waiver is the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be expressed by word or inferred from, or demonstrated by, a person's conduct. *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986). "A voluntary waiver, knowingly and intelligently made, must

affirmatively appear from the record, before a court may conclude that a defendant has waived a right constitutionally guaranteed or granted by statute." *State v. Kennedy, supra* at 170, 396 N.W.2d at 726. See, also, *State v. Blue*, 223 Neb. 379, 391 N.W.2d 102 (1986); *State v. Miles*, 202 Neb. 126, 274 N.W.2d 153 (1979).

From the testimony of Clear's lawyer concerning his conference with Clear before the sentence hearing, the district court, in resolving a factual question, undoubtedly concluded that Clear and his lawyer thoroughly discussed the contents of Ginn's letter contained in the presentence report. Such conclusion by the district court is not only logical, but inescapable. At the sentence hearing, Clear's lawyer addressed the contents of Ginn's letter and explicitly denied that Clear had previously robbed a Ginn Oil store. Immediately after that denial through Clear's lawyer, the court very specifically and directly asked Clear whether he wished to say anything, an obvious inquiry whether Clear had any comment or question concerning information which had been presented at the sentence hearing, including the Ginn letter. Notwithstanding the court's inquiry, Clear never mentioned that he had not seen the Ginn letter and made no comment about the existence or contents of the letter, which was immediately and physically available to Clear. In reference to the Ginn letter and whatever transpired before the sentence hearing, the fact remains that the letter was available for Clear's inspection at the sentence hearing. Clear's failure to raise any question about the Ginn letter or his lawyer's statements concerning the letter demonstrated that Clear acknowledged the contents of Ginn's letter as related by Clear's lawyer and accepted his lawyer's statements as an accurate and sufficient response to the assertions in Ginn's letter. As affirmatively shown by the record, Clear's conduct regarding the Ginn letter was a waiver of any later complaint that Clear had not personally inspected the letter before sentence was imposed. Hence, the Clear waiver renders the assignment of error without merit.

*Absence of Prejudice.*

Moreover, notwithstanding Clear's qualified right to inspect

the Ginn letter as a part of the presentence report and assuming that Clear did not waive that right, Clear has not pointed to any prejudice from the absence of an inspection. As expressed in *State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988):

> [T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

Assuming that appropriate legal representation required that Clear be shown the Ginn letter in the presentence report, Clear has failed to demonstrate in what manner he sustained detriment from the absence of his inspection of the letter or how Clear's inspection of Ginn's letter would have reasonably and probably resulted in a sentence different from that actually imposed. While acknowledging that his lawyer denied the contents of the Ginn letter, Clear never suggests that he would have addressed the contents of Ginn's letter any differently from his lawyer's action at the sentence hearing. Neither at his postconviction hearing nor in his appeal has Clear indicated that his personally inspecting the Ginn letter would have altered the course of the sentence hearing or affected information presented to the sentencing court beyond Clear's denial, through his lawyer, concerning the contents of the Ginn letter. Consequently, Clear has failed to establish the second component in the two-part test to prevail on a claim of ineffective assistance of counsel, that is, Clear has failed to show that the absence of his personal inspection of the Ginn letter prejudiced Clear's constitutional right to due process at his sentence hearing.

We find no error in the district court's denying postconviction relief to Clear.

AFFIRMED.