STATE OF NEBRASKA, APPELLEE, V. RICHARD WARE, APPELLANT.
468 N.W.2d 616

Filed May 3, 1991.   No. 90-290.

Richard Scott for appellant.

Robert M. Spire, Attorney General, and Alfonza Whitaker for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Richard Ware appeals from the judgment of the district court for Platte County regarding Ware's misdemeanor conviction and sentence for issuing a bad check, in violation of Neb. Rev. Stat. § 28-611(1)(c) (Reissue 1989).

Ware, who represented himself throughout the county court proceedings, now claims that his guilty plea is invalid and that the sentence imposed is excessive.

Regarding the validity of Ware's guilty plea and, therefore, his conviction, the issue is whether Ware waived his right to counsel. We have examined the record and conclude that Ware knowingly, intelligently, and voluntarily waived his right to counsel regarding his plea-based conviction. See, *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990) (characterization of waiver); *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986) (valid guilty plea waives right to counsel); *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (defendant's right to self-representation on waiver of right to counsel).

Ware's claim of excessiveness of the sentence imposed, namely, 6 months' imprisonment and restitution, is without merit. Under § 28-611(1)(c), issuing a bad check is a Class I misdemeanor, which has the following penalty: "Maximum — not more than one year imprisonment, or one thousand dollars fine, or both. Minimum — none." Neb. Rev. Stat. § 28-106(1) (Reissue 1989). "A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." *State v. Kitt*, 232 Neb. 237, 240, 440 N.W.2d 234, 236 (1989).

Ware's conviction and sentence are affirmed; therefore, the judgment of the district court is affirmed.

AFFIRMED.