STATE OF NEBRASKA, APPELLEE, V. MICHAEL HANUS, APPELLANT.
534 N.W.2d 332

Filed July 3, 1995.    No. A-94-468.

Michael Hanus, pro se.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HANNON, IRWIN, and MUES, Judges.

MUES, Judge.

Michael Hanus appears pro se appealing an order entered by the Dodge County District Court which dismissed an appeal to that court from the Dodge County Court in a criminal proceeding. The exact grounds relied upon by the district court in dismissing the appeal are not disclosed by the record. However, there was a failure to transmit a bill of exceptions or transcript of the county court proceedings to district court.

It appears that the failure to transmit the transcript or bill of exceptions to the district court resulted, at least in part, from the county court's rejection of Hanus' request to proceed on appeal in forma pauperis and Hanus' subsequent failure to pay advance fees for their preparation. Why the county court

denied Hanus' request to proceed in forma pauperis is not disclosed. Neither is it apparent whether that issue was ever appealed to the district court. We reverse the order of dismissal and remand this cause to the district court for further proceedings.

## PRESENT APPEAL

The district court dismissed Hanus' appeal on April 8, 1994. On May 6, Hanus filed his notice of appeal to this court along with a poverty affidavit. On that same date, the district judge denied his application to appeal in forma pauperis with a one-word handwritten note stating "Denied" followed by the date and the district judge's signature, which order was filed on May 10.

On June 27, Hanus filed a "Motion for Relief" with this court, essentially seeking review of the district court's denial of his motion to proceed with this appeal in forma pauperis. We had no transcript or bill of exceptions from the district court, although Hanus had previously filed praecipes in district court asking for preparation of the same. Accordingly, our review of the denial of the motion to proceed in forma pauperis by the district court was limited to Hanus' motion for relief and brief in support thereof.

On July 21, we granted Hanus' request to proceed with this appeal in forma pauperis and ordered the district court for Dodge County to order Dodge County to pay costs for preparation of a certified transcript and bill of exceptions to include "those pleadings, filings and proceedings related to the appeal from Dodge County Court case number 93-893, docketed as district [court] case number 32-478." We specifically ordered that the transcript should include:

> any portions of the county court transcript contained in the records of the district court including, but not limited to, the notice of appeal to district court, certification of payment of docket fee, or poverty affidavit in lieu thereof, order of judgment and sentence, and the criminal complaint, and shall also contain the final order or orders of the district court relating to the appeal from county court.

We specifically directed that the bill of exceptions should include "a transcription of any hearings before the district court related to the appeal in case number 32-478 and any exhibits admitted into evidence therein."

## RECORD BEFORE US

The record now before us consists of a transcript received from the clerk of the district court pursuant to our July 21 order, as well as an affidavit of a court reporter reflecting "there was no record made" of any hearings held in district court and that, therefore, a bill of exceptions would not be filed.

The transcript consists of 40 pages. Pages 2 through 34 are described in the index as being the "Transcript from County Court." Pages 2 and 3 are the notice of appeal pertaining to the appeal from county court to district court. It carries a filing stamp of the county court dated August 16, 1993, and a filing stamp of the district court dated November 24, 1993. The balance of this portion of the transcript consists mainly of documents captioned in the county court for Dodge County in a case styled "State of Nebraska, Plaintiff, vs. Michael Hanus, Defendant," case No. 93-893. Many of these papers do not contain the filing stamp of the Dodge County Court. A fair number of them carry numbered and dated exhibit labels, but we have no record of which court each exhibit was offered in, if and when it was offered, or if it was received.

Most notably, none of the papers identified as the "Transcript from County Court" are certified by the clerk of the county court, as required by Neb. Rev. Stat. § 25-2731 (Reissue 1989). Other than the notice of appeal, which carries the district court filing stamp, the balance of this "Transcript from County Court" is not verifiable as such and will not be considered as part of the record on this appeal. The circumstances of how these papers came to be part of the file of the district court clerk is a mystery from the record before us. They are certainly not *certified* county court papers.

Other than the afore-described "Transcript from County Court," the transcript received from the district court consists of a notice directed to the clerk of the district court and signed

by a clerk magistrate, presumably of the Dodge County Court, with an attached letter; three orders of the district court; and the affidavit of the court reporter mentioned above.

As is apparent, the transcript before us does not provide what we requested in our July 21 order, particularly with regard to the county court transcript. Of course, the district court clerk can certify only those proceedings "contained" in that court. Neb. Rev. Stat. § 25-1912(5) (Cum. Supp. 1994). It is obvious that no official county court transcript was ever transmitted to the clerk of the district court. Therefore, none was "contained" in the district court's records. In any event, and because there is no bill of exceptions of any proceedings in district court, the record before us is marginal, at best.

The sparse record shows that Hanus filed a notice of appeal on August 16, 1993, in the Dodge County Court regarding a matter styled "State of Nebraska, Plaintiff, vs. Michael Hanus, Defendant," case No. 93-893. The notice of appeal was accompanied with a $31 deposit for docket fees. The notice of appeal references a motion for new trial filed by Hanus in county court which had been overruled by the county court on July 19, 1993. The notice of appeal provides that Hanus "intends to prosecute an appeal of rulings and orders made final in this captioned case to the District Court of Dodge County, Nebraska." We have no such "rulings and orders" of the county court before us.

The notice signed by the clerk magistrate reflects that Hanus did not file a praecipe for transcript or for bill of exceptions with the county court until September 27, 1993, and that on September 28 he filed therein an affidavit of poverty. Neither document is in the *official* record before us. The notice further recites that Hanus' motion to proceed in forma pauperis was *set* for hearing on October 15 and that it was denied. The *actual* date of hearing, if any, and the date of denial are not clear from the record. The order denying the motion is also not before us.

On November 24, Hanus' notice of appeal, originally filed in county court on August 16, was filed in the district court for Dodge County. As of November 24, Hanus had not made a deposit in county court for the cost of the bill of exceptions and transcript. Therefore, on November 24, an order was issued to

the court stenographer to cease preparation of the transcript and bill of exceptions because of the failure to make such deposit.

## DISTRICT COURT ACTION

After the notice of appeal and notice from the clerk magistrate were filed in the district court, the district court issued an order on January 3, 1994, requiring Hanus to show cause within 10 days "why this matter should not be dismissed for failure to perfect the appeal."

On April 8, the district court entered another order, reciting that Hanus had sought an extension of the 10-day show cause order of January 3 and had been granted until March 1 to show cause in writing why the matter should not be dismissed for failure to perfect his appeal. The April 8 order further recites that on March 1, Hanus filed another motion for an extension of time to show cause. The district court's April 8 order denied Hanus' second motion for extension and dismissed the appeal. The order notes that as of April 8 no statement of errors, no bill of exceptions, and no transcript had been filed with that court.

Hanus filed a motion for new trial in the district court on April 18. It is not in the record. On April 19, the district court determined that the motion for new trial was not properly presented to it, as it was then sitting as an appellate court reviewing the judgment of a county court. It struck the motion.

Hanus filed his notice of appeal on May 6, 1994, within 30 days of April 8, 1994, the date his appeal was dismissed by the district court.

The record before us does not contain even the county court order which Hanus appealed to district court. From the record on appeal, we do not know the charge against him or the sentence imposed. Although reluctant to do so, we take judicial notice of a related proceeding, that being Hanus' application for writ of mandamus filed November 29, 1993, in the Nebraska Supreme Court, case No. S-33-930032. See *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990). This record consists solely of Hanus' allegations. However, it is the only official record presently available to us which offers even fundamental information as to the nature of

Hanus' county court proceedings appealed to district court. We thus consult it only to illuminate the background of this appeal.

In his application directly to the Supreme Court, Hanus sought an order compelling the district and county judges to enable the filing of a record from county court to district court to allow his criminal appeal to go forward. The application was denied without a written opinion. In that application, Hanus alleges, inter alia, that on February 24, 1993, he was charged in Dodge County Court with "no proof of ownership" and "no proof of insurance" in case No. 93-893 and that after a trial on July 9, a judgment of conviction and a sentence which consisted of a fine only were entered on July 12.

■ Accepting Hanus' allegations as true, Hanus' notice of appeal filed in county court on August 16 was beyond the 30-day appeal time required by Neb. Rev. Stat. § 25-2729 (Reissue 1989) as to the sentencing order. However, Hanus' notice of appeal filed in county court references a motion for new trial which he filed in county court and which was overruled on July 19. A motion for new trial in a criminal proceeding does not toll the 30-day appeal time as to the order of sentence. *State v. McCormick and Hall*, 246 Neb. 271, 518 N.W.2d 133 (1994). However, the August 16 notice of appeal would have been timely as to the county court's order of July 19 overruling the motion for new trial. Therefore, Hanus' appeal on those issues properly preserved by his motion for new trial was timely. See *id*.

## ASSIGNMENTS OF ERROR

Hanus assigns multiple errors. He contends that the district court erred in dismissing his appeal from county court

> without a hearing, without allowing [Hanus] to make a record, as he requested . . . and without allowing [Hanus] to make a record from county court, as he requested, given [Hanus'] timely payment of the docket fee to county court, his inability to afford the fees for the record, as the county court demanded, his notice to the court of his inability to pay, and his request to pay for the record by making payments over time if the court did not allow [Hanus] to make the record in pauperis [sic].

## STANDARD OF REVIEW

■ Under Neb. Rev. Stat. § 25-2733 (Reissue 1989), in an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal. Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992); *State v. Dean*, 2 Neb. App. 396, 510 N.W.2d 87 (1993).

■ Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994).

Ordinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995); *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966).

## LACK OF COUNSEL

As a preliminary matter, we note that the record does not disclose whether Hanus had the assistance of counsel at the county court trial or on his direct appeal to the district court. As stated above, Hanus' application for writ of mandamus alleges that he was charged with "no proof of ownership" and "no proof of insurance," presumably related to the ownership or operation of a motor vehicle. Conviction on even one of those charges, i.e., no proof of insurance, carries with it the potential for imprisonment. See, Neb. Rev. Stat. § 60-570 (Reissue 1993) (declaring it a Class II misdemeanor to fail to carry in a motor vehicle proof of financial responsibility); Neb. Rev. Stat. § 28-106 (Cum. Supp. 1994) (authorizing a maximum penalty of 6 months' imprisonment for a Class II misdemeanor). However, Hanus' application for writ of mandamus also discloses that he received only a fine from the county court as his sentence. Since Hanus was penalized only by fine, he was not entitled to court-appointed counsel. See *Dean, supra*. See, also, Neb. Rev. Stat. §§ 29-3902 and 29-3906 (Cum. Supp. 1994).

## DISCUSSION

Before discussing the errors assigned by Hanus, we note in passing that the "Facts" portion of his brief makes reference to numerous matters outside the record on appeal. In part, this may be due to confusion as to what is and what is not properly before us. Perhaps it is also encouraged by the very nature of Hanus' grievances, i.e., there being virtually no record before us from either of the lower courts. Nevertheless, such reference is improper, and we are compelled to disregard matters which are not in the record presented to us. Moreover, in many instances, Hanus' brief, undoubtedly due to his pro se status, obfuscates more than clarifies the questions before us. Yet, a pro se party is held to the same standards as one who is represented by counsel, *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994), and we proceed with that principle in mind.

Although Hanus assigns what might be viewed as several errors, his focus on appeal is that the district court erred in dismissing his appeal without "allowing" him to make a record (presumably in district court) and without "allowing" him to "make a record from county court."

The record in district court on an appeal from county court generally consists of the county court transcript and the bill of exceptions from the county court proceedings appealed from. § 25-2731(1); Neb. Rev. Stat. § 25-2732 (Reissue 1989); § 25-2733(1). The bill of exceptions from county court, if filed at or before the time the appeal is heard in district court, is considered admitted into evidence on appeal, absent objection. § 25-2733(2). Here, there was no transcript or bill of exceptions from county court filed in district court. Therefore, it was not the failure of the district court to grant Hanus a hearing or to allow him to make a record of his appeal that is the crux of the problem. Rather, the problem is that there was no county court record before the district court for the district court to review, which is the essence of its duty under § 25-2733(1).

*Appeal Perfected/District Court Jurisdiction.*

We observe that the district court's April 8, 1994, order of dismissal was entered contemporaneously with its denial of Hanus' second request for an extension of time to show cause.

The initial order to show cause was entered January 3 and was based upon Hanus' "failure to perfect the appeal." If the order of dismissal was based on the failure of Hanus to perfect his appeal, it was erroneous.

Hanus, by timely filing his notice of appeal and depositing a docket fee with the clerk of the county court, had perfected his appeal as of August 16, 1993. See § 25-2729. Appellate jurisdiction was then vested in the district court. See, *State v. Hunter*, 234 Neb. 567, 451 N.W.2d 922 (1990); *Rorick Partnership v. Haug*, 228 Neb. 364, 422 N.W.2d 365 (1988). The transmittal of the county court transcript and bill of exceptions to the clerk of the district court was not a prerequisite to perfecting the appeal to the district court or to its jurisdiction over Hanus' appeal.

*Delay in Docketing Appeal.*

Section 25-2731(1) requires the clerk of the county court to transmit the docket fee and a certified copy of the county court transcript to the clerk of the district court within 10 days of the perfection of the appeal, whereupon the clerk of the district court shall docket the appeal. Section 25-2731(2) authorizes the Supreme Court to specify, by rule and regulation, the method of ordering the transcript, along with its form and content.

Neb. Ct. R. of Cty. Cts. 52(I) (rev. 1993) provides, inter alia, that the transcript must be requested by the appellant at the time of filing the notice of appeal and that the requesting party must pay the cost of the transcript *before* the same "may be delivered to the district court." That rule also authorizes the dismissal of an appeal for failure to make payment for the transcript, except where a poverty affidavit has been filed. However, if payment for the transcript has not been received within the time allowed by § 25-2731 (10 days from the date the appeal is perfected) and no poverty affidavit has been filed (presumably also within that 10-day period), the clerk of the county court must still send a "certified copy of the notice of appeal to the clerk of the district court, together with a statement that the fee has not been paid." Rule 52(I)(D)(2).

Hanus did not request a transcript when he filed his notice of appeal. Within the 10-day period following the perfection of his

appeal, he neither paid the cost of the transcript nor filed a poverty affidavit. The county court clerk failed to file a transcript and docket fee with the district court within 10 days, and a certified copy of the notice of appeal was not filed in district court, absent the transcript, within 10 days of the perfection of Hanus' appeal with a "statement that the fee has not been paid."

It was not until November 24, 1993, nearly 40 days after Hanus' motion for in forma pauperis status on appeal was set for hearing by the county court, that the county court clerk filed the notice in district court. That notice was approximately 90 days late in advising the district court of the status of nonpayment for the transcript under rule 52(I)(D)(2) and in advising the district court of the status of nonpayment of the estimated cost for preparing the bill of exceptions as required by rule 52(II)(G) (estimated cost to be paid within 14 days of request, which is to be made at time appeal filed; if not timely paid, clerk to order stenographer to cease work and notify district court in writing of failure to pay).

Section § 25-2731(1) is mandatory. The county court clerk is to transmit the transcript within 10 days. No request or prepayment of costs is required by the plain language of the statute as a condition to perform that duty. Yet, rule 52(I) also seems mandatory. The appellant is to make a request and advance payment as conditions to transmitting a transcript from county court to district court.

That the acts and omissions of both the county court clerk and Hanus combined and contributed to the *frustration* of the appellate process in this case is without question. Whether those acts and omissions were grounds for the *dismissal* of that process, however, is less clear. From the record, the most apparent reason for the dismissal was the lack of a record on appeal. That omission was due to Hanus' failure to pay for it in advance.

*Denial of In Forma Pauperis Status.*

What we *do* know from the record is that (1) Hanus perfected his appeal; (2) Hanus sought in forma pauperis status for purposes of paying for preparation of the transcript and bill of

exceptions; (3) the county court denied that request; (4) the appeal languished in county court from August 16 to November 23, 1993, before the district court even knew of it; and (5) as of April 8, 1994, no transcript or bill of exceptions was yet filed in district court, and the appeal was dismissed. The possibility that Hanus' right to appeal was denied solely because he could not afford it causes alarm.

█ Denial of a request to proceed in forma pauperis is an appealable order. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995); *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966). Whether Hanus specifically appealed the denial or otherwise presented it to the district court is not clear from the record before us. However, the district court was given notice that Hanus had filed an affidavit of poverty and a request to proceed in forma pauperis, which had been denied, and that preparation of the record had stalled for nonpayment. Without such record, the substantial right to appeal was frustrated.

█ Generally, one is entitled to the benefits of an in forma pauperis appeal when the affidavit of poverty and notice of appeal are filed and stand uncontradicted and not objected to. *Flora, supra*. Whether the State objected to Hanus' in forma pauperis status is not disclosed.

█ If there is no hearing on the poverty affidavit and the appeal, or when there is a hearing and the evidence is uncontradicted, the trial court has a duty to allow the appellant to proceed in forma pauperis. *Flora, supra*; *Eberhardt, supra*. The record before us shows that a hearing in county court on Hanus' right to proceed in forma pauperis was set for October 15, 1993, and that the request was denied. We do not have a transcription of any such hearing. We do not know what evidence, if any, was presented or if a hearing was in fact held.

█ Ordinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. However, an appellate court cannot determine whether the trial court acted within its discretion or abused its discretion without a statement as to why the court deemed the appeal to be frivolous or otherwise not in good faith. See, e.g., *Flora, supra*.

The district court presumably had no more of an official record of the county court's denial of Hanus' request to proceed in forma pauperis than we do. It had no findings, reasons, or conclusions of the county court supporting denial. Therefore, it was unable to apply any standard at all to the denial.

The district court essentially was in the same predicament as the Supreme Court had been in *Flora*—the denial by the trial court of the benefits of an in forma pauperis appeal on direct appeal with no record to review because the appellant could not pay for it and little idea of why it had been denied. In *Flora*, the Supreme Court had granted in forma pauperis status on direct appeal and ordered the county to pay for the preparation of a record on appeal. We found ourselves in a similar position when granting Hanus' present appeal from the district court's denial of in forma pauperis status on the appeal to this court—no record, no findings, no conclusions, and no stated reason for the denial.

We are certain of very little with regard to what happened in the courts below. Yet, we are certain that the district court's duty to safeguard the appellate process for an in forma pauperis applicant is no less than that assumed by this court on Hanus' appeal to us and no less than that exercised by the Supreme Court in *Flora*.

We therefore remand this cause to the district court to determine whether the county court complied with *Flora* and *Eberhardt* in the denial of Hanus' motion for leave to proceed in forma pauperis. If the county court did not do so, Hanus shall be granted the benefits of an in forma pauperis appeal for his direct appeal to the district court, as was the appellant in the direct appeal in *Flora*. If the county court did comply with *Flora* and *Eberhardt* regarding hearing requirements and reasons, findings, and conclusions supporting the denial, the district court must then determine whether the denial was an abuse of the county court's discretion. If in forma pauperis status was properly denied, Hanus' appeal was clearly subject to dismissal for failure to advance the costs of the appeal. See, rule 52(I)(D)(2) and (II)(G); Neb. Rev. Stat. § 25-2308 (Reissue 1989).

It will undoubtedly be necessary for the district court to

order portions of the county court transcript and a bill of exceptions of some or all of the county court proceedings in order to comply with this opinion. Those initial costs, under the rationale of *Flora*, must be borne by Dodge County. In some instances, the process of reviewing the denial of a request for in forma pauperis status on appeal inexorably accomplishes, at least in part, the very thing sought by the request, e.g., creation of a record for appeal. Nevertheless, under some circumstances there is no practical alternative. This case presents such circumstances.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.