STATE OF NEBRASKA, APPELLEE, V.
JAMES MICHAEL HOWARD, APPELLANT.
560 N.W.2d 516

Filed March 25, 1997. No. A-96-741.

Casey J. Quinn, of Quinn & Wright, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

SIEVERS, Judge.

James Michael Howard appeals his jury convictions in the county court for Sarpy County for count I, driving under the influence of alcohol, second offense, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993); count II, reckless driving, in violation of Neb. Rev. Stat. § 60-6,213 (Reissue 1993); and count III, refusal to submit to a preliminary breath test, in violation of Neb. Rev. Stat. § 60-6,197 (Reissue 1993). Howard was ordered to pay a fine of $500 on count I, $50 on count II, and $50 on count III. In addition, Howard was sentenced on count I to serve 30 days in the Sarpy County Jail and his driving privileges were revoked for 1 year. His convictions and sentences were affirmed by the district court. For the reasons recited below, we affirm the judgment of the district court with

regard to count I, driving under the influence of alcohol, and count III, refusal to submit to a preliminary breath test. With regard to count II, reckless driving, we reverse Howard's conviction.

## BACKGROUND

On August 18, 1995, at approximately 7 p.m., Vance Vogler was driving eastbound on Interstate 80 near Lincoln. Vogler was in the left passing lane when a green Jeep Cherokee began tailgating him. Vogler stated that at the first opportunity, he moved over to the right lane behind a minivan. After the green Jeep Cherokee had passed Vogler, he observed the Jeep also move into the right lane, cutting off the minivan as it did so and causing the driver of the minivan to swerve to the shoulder. Vogler testified that he then called the Nebraska State Patrol because he felt that the driver of the Jeep had endangered the lives of two children who were passengers in the minivan.

Trooper Mark Funkhouser testified that he was patrolling Interstate 80 near L Street in Omaha when he was notified by the State Patrol that he should watch for a green Jeep Cherokee about which the State Patrol had received call-in complaints from citizens. Funkhouser stated that he proceeded west on the Interstate and eventually observed a large group of eastbound vehicles traveling approximately 60 m.p.h. Among the group of vehicles was a green Jeep Cherokee which, Funkhouser felt, was following a van too closely. Funkhouser stated that several of the drivers in the group were flashing their vehicles' headlights and that some people in the group were pointing forward toward the Jeep. Funkhouser turned his car around in the median and began traveling eastbound behind the group. He observed the Jeep change from the left lane to the right lane, cutting off another vehicle as it did so, and then pass a semi-trailer truck by driving on the right shoulder. After first warning the truckdriver via citizens band radio, Funkhouser also passed the truck on the shoulder. Funkhouser estimated that the Jeep was then traveling around 100 m.p.h. Funkhouser testified that he was able to catch up with the Jeep by driving "as hard as my car would run," 122 m.p.h. Funkhouser stopped the Jeep.

Funkhouser stated that when Howard, the driver of the Jeep, exited his vehicle, Funkhouser noticed a strong odor of alcoholic beverage and saw that Howard "kind of swayed out towards the highway." Funkhouser told Howard that he was under arrest for reckless driving, handcuffed him, and placed him in the patrol car. As he began filling out a citation for Howard, Funkhouser observed that Howard's eyes were watery. Funkhouser asked Howard to recite the alphabet, which Howard attempted to do twice. Each time, Howard's speech was slurred and he skipped the letter "W."

Over Howard's objection, Funkhouser testified that he "began to initiate a preliminary breath test" and twice read to Howard the preliminary breath test advisement form but that Howard refused to take the test. Funkhouser testified that in refusing to take the test, Howard stated that "he had three drinks and he didn't have anything to eat that day and he knew that the device would detect the alcohol." Funkhouser stated that based on his training, education, and experience, he believed that Howard was intoxicated. Funkhouser also pointed to Howard's driving; slurred speech; odor of alcohol; red, watery eyes; and swaying walk in reaching the conclusion that Howard had been driving while under the influence of alcohol. The results of a chemical test administered to Howard were the subject of a pretrial motion to suppress, which the State conceded and which the trial court granted.

After the close of the State's evidence, Howard's motion to dismiss the charges against him was denied. The jury convicted Howard on each of the charges noted above. He was ordered to pay a fine of $500 on count I, $50 on count II, and $50 on count III. In addition, Howard was sentenced on count I to serve 30 days in the Sarpy County Jail and his driving privileges were revoked for 1 year. On appeal, the verdicts against Howard and the sentences imposed were affirmed by the district court.

## ASSIGNMENTS OF ERROR

Howard alleges that the county court erred in (1) allowing Funkhouser to testify about Howard's speeding without corroboration by use of a radio microwave, mechanical, or electronic

speed measurement device; (2) failing to suppress all evidence of Howard's refusal of the preliminary breath test; (3) failing to include a jury instruction on the lesser-included offense of careless driving; (4) allowing, without sufficient foundation, Funkhouser's opinion testimony concerning Howard's ability to operate a motor vehicle; (5) sustaining Howard's convictions without sufficient evidence; (6) finding that Howard's conviction on count I constituted second-offense driving under the influence of alcohol because the record failed to show a finding of guilt or a conviction for a prior charge; and (7) failing to find that Howard was a suitable candidate for probation.

## STANDARD OF REVIEW

A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the verdict. On a claim of insufficiency of the evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. *State v. Privat*, 251 Neb. 233, 556 N.W.2d 29 (1996).

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Hanus*, 3 Neb. App. 881, 534 N.W.2d 332 (1995).

## ANALYSIS
*Testimony of Howard's Rate of Speed.*

Howard argues that the provisions of Neb. Rev. Stat. § 60-6,192 (Reissue 1993) mandate that Funkhouser's testimony that Howard's vehicle was traveling over 100 m.p.h. be corroborated by a radio microwave, mechanical, or electronic speed measurement device. Howard argues that the speed of his vehicle was "at issue" on the charges of driving under the influence of alcohol and reckless driving and that Funkhouser's estimate that Howard's vehicle was traveling 100 m.p.h. severely prejudiced Howard. We believe that Howard's reliance on § 60-6,192 is misplaced.

Section 60-6,192(1) states that

> [d]eterminations made regarding the speed of any motor vehicle based upon the visual observation of any peace

officer, while being competent evidence for all other purposes, shall be corroborated by the use of a radio microwave, mechanical, or electronic speed measurement device. The results of such radio microwave, mechanical, or electronic speed measurement device may be accepted as competent evidence of the speed of such motor vehicle in any court or legal proceeding when the speed of the vehicle is at issue.

A review of the record shows that Funkhouser's testimony pertaining to the speed of Howard's vehicle was not offered to show that Howard had violated the speeding statutes but, rather, that Howard was driving recklessly, i.e., with indifferent or wanton disregard for the safety of persons or property. In connection with his opinion of Howard's rate of travel, Funkhouser had established that as part of his training for radar certification, he was required to visually estimate the speed of vehicles both while he was stopped and while he was in motion. Funkhouser did not make "[d]eterminations . . . regarding the speed" as that expression is used in § 60-6,192(1). Nor was speed "at issue" in the case. Rather, Funkhouser's testimony regarding speed was for the purpose of providing a description of what he observed in connection with the proofs required to establish reckless driving and driving under the influence of alcohol. Corroboration of the estimate of speed is not needed for these purposes. The trial court did not err in allowing Funkhouser's testimony.

*Suppression of Refusal to Submit to Preliminary Breath Test.*

Before trial, Howard filed a motion to suppress "any evidence concerning any chemical tests of [Howard's] blood, breath, or urine for the presence of alcohol." At the hearing on the motion, the State conceded Howard's motion and the trial court made a notation on the trial docket: "Chemical test suppressed." At trial, the fact of Howard's refusal to submit to the preliminary breath test came into evidence over his continuing objection. Howard contends that evidence of his refusal to take the preliminary breath test had been suppressed by the trial judge and should not have been allowed in evidence at trial. We do not agree.

The record reflects that the subject of Howard's motion to suppress, as well as the trial court's order, was evidence of "chemical tests" of Howard's blood, breath, or urine for the presence of alcohol. Under Nebraska law, a preliminary breath test and a chemical test are separate and distinct. See, e.g., *State v. Green*, 238 Neb. 475, 471 N.W.2d 402 (1991) (stating that refusal to submit to preliminary breath test is separate offense from refusal to submit to chemical test). It has also been stated that "[t]he 'preliminary test' referred to in [§ 60-6,197(3)] is a different procedure and not such a 'chemical test' or 'chemical analysis' as to satisfy requirements for a conviction under [§ 60-6,196]." *State v. Green*, 217 Neb. 70, 73-74, 348 N.W.2d 429, 431 (1984). Howard's motion to suppress did not include reference to or a request to suppress a preliminary breath test, nor did the court's pretrial order grant suppression of a preliminary breath test. Thus, the trial court did not err in allowing reference to Howard's refusal to take the preliminary breath test.

## *Lesser-Included Offense.*

Howard claims that careless driving is a lesser-included offense of reckless driving and that the trial court erred in failing to instruct the jury on careless driving. The reckless driving statute provides, "Any person who drives any motor vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be guilty of reckless driving." § 60-6,213. The careless driving statute provides, "Any person who drives any motor vehicle in this state carelessly or without due caution so as to endanger a person or property shall be guilty of careless driving." Neb. Rev. Stat. § 60-6,212 (Reissue 1993).

The trial court instructed the jury, inter alia, on the charge of reckless driving. The court rejected Howard's proffered instruction regarding careless driving as a lesser-included offense. Howard argues on appeal that the trial court's failure to so instruct the jury constitutes reversible error. We agree.

To establish reversible error from a court's refusal to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and

(3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Trackwell*, 244 Neb. 925, 509 N.W.2d 638 (1994).

 There are apparently no applicable Nebraska cases that address whether careless driving is a lesser-included offense of reckless driving. The test for determining lesser-included issues is the following:

> [C]ourts must engage in a two-step test for determining whether or not a lesser-included offense instruction should be given: First, the court must determine whether the lesser crime is actually a lesser-included offense of the greater crime; second, if the court determines the lesser crime is actually a lesser-included offense, then the court must determine whether the evidence presented at trial justifies an instruction on the lesser-included offense. . . . In resolving the first step, the applicable test is that to be a lesser-included offense, the statutory elements of the lesser offense must be such that it is impossible to commit the greater offense without at the same time having committed the lesser offense. . . . In resolving the second step, the applicable test is that a lesser-included offense instruction is justified if the evidence adduced at trial provides a rational basis for the jury to return a verdict acquitting the defendant of the greater offense, but convicting him of the lesser offense.

(Citations omitted.) *State v. Al-Zubaidy, ante* p. 327, 333-34, 559 N.W.2d 774, 779 (1997). Using the first part of the foregoing test and based on our examination of the elements, we conclude that careless driving is a lesser-included offense of reckless driving.

Applying the second part of the test to determine whether a lesser-included offense instruction should have been given, we believe that Howard presented evidence at trial that justified an instruction on careless driving. While there is testimony that Howard was traveling over the speed limit, that fact alone does not constitute reckless driving. See *State v. DiLorenzo*, 181 Neb. 59, 146 N.W.2d 791 (1966) (holding that speed alone was insufficient for conviction for willful reckless driving). Furthermore, there was testimony to the effect that Howard traveled in heavy

traffic for many miles within three counties, and the State did not present direct evidence that Howard engaged in reckless acts during the majority of the trip. There was a rational basis for the jury to return a verdict acquitting Howard of reckless driving but convicting him of careless driving.

■ The statutory offense of reckless driving is an intentional crime. See § 60-6,213. Intent is often proved by circumstantial evidence or by inferences. See, e.g., *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995). The critical difference between careless driving and reckless driving is the intent required to convict a defendant of reckless driving. Under Nebraska jurisprudence and the facts of this case, we cannot say that the jury could not have found that Howard's acts lacked intent. Based on the evidence of this case, a jury charge on careless driving was warranted and Howard was prejudiced by the failure to give the requested instruction. See *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978). Accordingly, Howard's conviction on count II, reckless driving, is reversed.

*Opinion Testimony.*
■ Howard contends that the trial court erred in allowing Funkhouser to testify that Howard was intoxicated and under the influence of alcohol. The Nebraska Supreme Court has held that after sufficient foundation is laid, a law enforcement officer may testify that in his or her opinion the defendant was driving while intoxicated. See *State v. Cash*, 3 Neb. App. 319, 526 N.W.2d 447 (1995) (citing *State v. Dail*, 228 Neb. 653, 424 N.W.2d 99 (1988)). In *Cash*, an officer testified that he observed the defendant's vehicle twice cross over the centerline and once cross over the shoulder line, the defendant use two vehicles to steady herself and then stagger as she walked back to the patrol car after being stopped, and the smell of alcohol on the defendant's breath. The officer also testified that he had been employed as a sheriff for 2 years, received training with regard to investigating alcohol-related offenses, observed others drink to the point of intoxication, and performed 100 to 150 alcohol-related investigations. The officer's opinion that the defendant in *Cash* was driving while intoxicated was, therefore, properly admitted.

In the case at bar, Funkhouser testified that Howard swayed when he exited his vehicle after being stopped, smelled of alcohol, had watery eyes and slurred speech, and was twice unable to correctly recite the alphabet. Funkhouser also testified that he has been trained to detect physical and mental effects of alcohol on people and has been involved in the arrest of 150 to 200 intoxicated drivers.

Based on the facts contained in the record, there was sufficient foundation for Funkhouser to testify that in his opinion, Howard was intoxicated and under the influence of alcohol. Howard's assignment of error is without merit.

*Sufficiency of Evidence.*

Howard argues that exclusion from the evidence of Funkhouser's testimony of the speed of Howard's vehicle would result in insufficient evidence to convict him of the charge of reckless driving. The issue of Funkhouser's testimony regarding Howard's speed has been resolved against Howard. Because this case may be retried on the issue of reckless driving, we proceed to consider the issue of the sufficiency of evidence pertaining thereto. See *State v. Hingst*, 4 Neb. App. 768, 550 N.W.2d 686 (1996).

We find that even without evidence of Howard's speed, the record reflects a jury could find beyond a reasonable doubt that Howard drove his vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property. See *State v. Green*, 238 Neb. 475, 471 N.W.2d 402 (1991). Vogler testified that Howard tailgated him and cut in front of another vehicle in such a manner that Vogler feared for the safety of the occupants. Funkhouser testified that Howard was tailgating a vehicle, cut off another vehicle, and then passed a semi-trailer truck by driving on the shoulder of the Interstate. The testimony of Vogler and Funkhouser, standing alone, could support Howard's conviction for reckless driving.

Howard also argues that absent evidence of his refusal to submit to a preliminary breath test and Funkhouser's testimony that Howard was intoxicated and under the influence of alcohol, there was insufficient evidence to convict him of the charges of refusal to submit to a preliminary breath test and driving while

under the influence of alcohol, respectively. Because those issues have also been resolved against Howard, and the evidence is sufficient, his arguments regarding the sufficiency of the evidence on the charges of refusal to submit to a preliminary breath test and driving under the influence of alcohol are without merit.

*Enhancement Hearing.*

Howard contends that the trial court erred in finding that he was guilty of second-offense driving under the influence of alcohol because evidence of his prior record, introduced at the enhancement hearing, failed to show a finding of guilt or a conviction of the earlier charge. We do not agree.

Exhibit 2 was received in evidence at the enhancement hearing. Exhibit 2 includes a copy of a register of actions and order dated March 12, 1993, from the Douglas County Court. This document is a checklist. It shows by way of checkmarks that with regard to the earlier charge, Howard was represented by counsel, was advised of the nature of the charge against him and advised of his various rights, and waived those rights. Exhibit 2 also shows by checkmarks that Howard knowingly, understandingly, intelligently, and voluntarily entered a plea of no contest to the charge and was found guilty and sentenced to probation.

Howard appears to argue that although there are checkmarks indicating that he pled no contest and was found guilty, there is some ambiguity as to the outcome of the prior proceeding because the court in the earlier action did not enter a checkmark both before and after the entries pertaining to the no-contest plea and the finding of guilt. This argument is without merit.

As a whole, exhibit 2 affirmatively demonstrates that Howard entered a plea of no contest and was found guilty of the charge of driving under the influence of alcohol. Exhibit 2 was completed with care and demonstrates with certainty that Howard was previously convicted of driving under the influence of alcohol. See *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996). It was therefore proper for the trial court to utilize his prior conviction for driving under the influence of alcohol to enhance his current conviction to second-offense driving under the influence of alcohol.

*Excessive Sentence on Count I.*

In his final assignment of error, Howard claims that the trial court erred in failing to find that he was a suitable candidate for probation. Howard claims that the trial court abused its discretion in sentencing because the trial court noted at the sentencing hearing that Howard had had two prior arrests for driving under the influence of alcohol. Howard claims that since the first arrest resulted in his entering a diversion program and did not result in a conviction, the trial court's reference to or reliance on this arrest was improper. Howard argues that the trial court impermissibly considered his first arrest for driving under the influence of alcohol despite there being no conviction therefor. We do not agree.

It is fundamental that "[h]ighly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York,* 337 U.S. 241, 247, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949). A sentencing judge may consider relevant information contained in a presentence report on the defendant to determine an appropriate sentence within the statutorily authorized penalty, punishment, or disposition applicable to the crime for which the defendant has been convicted. *State v. Clear,* 236 Neb. 648, 463 N.W.2d 581 (1990). It is well settled that in imposing sentence, a court generally has broad discretion concerning the source of information and the type of information to be considered. *Id.* See, also, *U.S. v. Watts,* ___ U.S. ___, 117 S. Ct. 633, 136 L. Ed. 2d 554 (1997) (noting, inter alia, that under federal sentencing provisions, it is not improper for sentencing court to take note of counts on which defendant was acquitted).

The record reflects that in sentencing Howard for second-offense driving under the influence of alcohol, the trial court was aware of information contained in the presentence report that Howard's first arrest for that offense had been resolved through his participation in a diversion program rather than a conviction. Although the court took into account this information, Howard was not sentenced for third-offense driving under the influence of alcohol. The trial court based its refusal to grant probation to Howard on the fact that, in the trial court's view,

neither the diversion program nor the earlier sentence of probation in connection with a prior driving under the influence of alcohol conviction had had the desired effect on Howard.

■ Howard's sentence for second-offense driving under the influence of alcohol of 30 days in jail, loss of driving privileges for 1 year, and a $500 fine was well within statutory limits. Second-offense driving while under the influence of alcohol is a Class W misdemeanor for which the penalty is loss of driving privileges for 1 year, a maximum of 90 days' imprisonment, and a $500 fine. Neb. Rev. Stat. § 28-106 (Reissue 1995) and § 60-6,196(2)(b). A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Kennedy*, 251 Neb. 337, 557 N.W.2d 33 (1996). There being no abuse of discretion in Howard's sentence on count I, his assignment of error is without merit.

## CONCLUSION

With regard to counts I and III, driving under the influence of alcohol and refusal to submit to a preliminary breath test, the convictions and sentences of the trial court and the judgment of the district court are affirmed. With regard to count II, reckless driving, we reverse the district court's judgment and remand the cause with directions to reverse the county court conviction for reckless driving.

AFFIRMED IN PART, AND IN PART REVERSED.

MILLER-LERMAN, Chief Judge, concurring in part, and in part dissenting.

I respectfully concur in part and dissent in part. I concur with respect to the majority's conclusion to uphold Howard's convictions for driving under the influence of alcohol and refusal to submit to a preliminary breath test. I further agree with the majority's conclusion that careless driving is a lesser-included offense of reckless driving. However, I respectfully dissent with regard to the majority's conclusion that the evidence warranted giving the requested jury instruction on the offense of careless driving.

The evidence in this case shows that Howard traveled along the Interstate at a highly excessive speed; that he passed a semi-trailer truck by driving on the Interstate shoulder; that he cut off

and tailgated other vehicles; that this conduct occurred periodically, if not consistently, along a heavily traveled stretch of the Interstate between Lancaster and Sarpy Counties; and that, under the circumstances, his actions jeopardized his life and those of other people lawfully traveling on the Interstate. The totality of this incident bespeaks recklessness, and in my view, no reasonable jury could have found that he lacked the intent to do these things. The evidence did not warrant a careless driving instruction. I further observe that in connection with his defense, Howard did not pursue an intoxication defense, under which he would have had to have argued he was too intoxicated to form the requisite intent to commit reckless driving. Obviously, that strategy would have been tantamount to an admission of guilt of the charge of driving under the influence of alcohol, a result he was seeking to avoid.

Looking at the record as a whole, Howard was driving under the influence of alcohol, he refused to submit to a preliminary breath test, and he drove at excessive speeds for dozens of miles, endangering himself and others. The State proved beyond a reasonable doubt specific acts of recklessness, and there was no evidence adduced at trial which provided a rational basis for the jury to return a verdict acquitting him of the greater offense of reckless driving but convicting him of the lesser offense of careless driving. In sum, the evidence, in my view, supports only a charge of reckless driving. See *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978). Therefore, I would conclude that the trial court did not err in refusing Howard's proffered jury instruction on careless driving and would affirm in all respects.