STATE OF NEBRASKA, APPELLEE, V. FRED T. WENZEL, APPELLANT.

338 N.W.2d 772

Filed September 30, 1983. No. 82-820.

Herbert J. Friedman of Friedman Law Offices, for appellant.

Patrick A. Campbell, Assistant City Prosecutor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

GRANT, D.J.

Defendant was charged in the municipal court of Lincoln, Nebraska, with violating an ordinance of that city, which, as printed on the uniform citation and complaint issued to defendant, required that drivers not "[o]perate or be in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs or when he/she had ten hundredths of one per cent or more by weight of alcohol in his/her body fluid as shown by chemical analysis of his/her blood, breath, or urine."

Defendant pleaded not guilty. After trial defendant was found guilty and sentenced to pay a $100 fine, and had his operator's license suspended for 6 months. Defendant appealed to the District Court, where the judgment and sentence of the municipal court were affirmed.

Defendant then filed his notice of appeal to this court in the following manner: "COMES NOW the defendant, Fred T. Wenzel, by and through his attorney of record, and gives notice of his intention to appeal to the Supreme Court of the State of Nebraska, the sentence of $100 fine and revocation of his driver's license and suspension of all driving privileges for a period of 6 months, handed down and entered by the court on the 10th day of November, 1982 on a charge of first offense Driving While Under the Influence."

In his four assignments of error defendant alleges that the trial court erred, for various reasons, in receiving into evidence the results of a breath test administered to defendant, and alleges that the appropriate section of the Lincoln Municipal Code is unconstitutional in providing "that operating a motor vehicle with more than 0.10 of 1% blood alcohol

content is a criminal offense." Brief for Appellant at 2.

Interesting briefs were submitted dealing with those issues. The court notes, however, that defendant was charged under an ordinance setting out different responsibilities for drivers: one must not operate a motor vehicle while "under the influence of alcoholic liquor, or of any drug" or while having "ten-hundredths of one percent . . . or more by weight of alcohol" in one's body fluid. The ordinance seems to be modeled after Neb. Rev. Stat. § 39-669.07 (Reissue 1978). In *State v. Hilker*, 210 Neb. 810, 812, 317 N.W.2d 82, 83-84 (1982), we stated that § 39-669.07 "defines one offense which can be proved by any of three ways: (1) By proof that the defendant was in physical control of a motor vehicle while under the influence of alcoholic liquor; (2) By proof that the defendant was in physical control of a motor vehicle while under the influence of any drug; or (3) By proof that the defendant was in physical control of a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his or her body fluid."

The municipal court made a general finding of guilt. The District Court generally affirmed that finding. Defendant appealed to this court from his conviction and sentence "on a charge of first offense Driving While Under the Influence."

Without any regard to the breath test results, or the constitutionality of Lincoln Municipal Code § 10.52.020, insofar as that ordinance provides that operating a motor vehicle with more than ten-hundredths of one percent blood alcohol content is an offense, there is ample uncontradicted evidence in the record as to defendant's driving his automobile, at the time and place charged, while under the influence of intoxicating liquor. Defendant does not challenge the sufficiency of that evidence.

In that situation it would be inappropriate for this court to decide the matters presented in defend-

ant's assignments of error. Courts will not pass on questions of constitutionality unless it becomes necessary to do so. *State v. Austin*, 209 Neb. 174, 306 N.W.2d 861 (1981). Questions presented on appeal but not necessary to a decision need not be determined. *Laverty v. Cochran*, 132 Neb. 118, 271 N.W. 354 (1936).

The judgment of the District Court, affirming the judgment and sentence of the municipal court, was correct.

AFFIRMED.