STATE OF NEBRASKA, APPELLEE, V. DENNIS C. SMITH,
APPELLANT.
537 N.W.2d 539
Filed September 19, 1995. No. A-95-189.

David L. Kimble for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

SIEVERS, Chief Judge.

Dennis C. Smith was charged with violating Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1992) (now codified at Neb. Rev. Stat. § 60-6,196 (Reissue 1993)), by driving while under the influence of alcoholic liquor or while having an excessive concentration of alcohol in his blood, breath, or urine. Smith was also charged with resisting arrest, in violation of Neb. Rev. Stat. § 28-904 (Reissue 1989). After a bench trial to the county court for Seward County, Nebraska, Smith was found guilty on both counts. Smith's convictions were affirmed by the district court for Seward County on appeal. On appeal to this court, Smith asserts that the district court erred by failing to find that

the county court should have sustained his motion to suppress the results of a chemical breath test on the basis that he was not sufficiently advised of the consequences of submitting to such a test before the test was administered as required by Neb. Rev. Stat. § 39–669.08(10) (Cum. Supp. 1992) (now codified at Neb. Rev. Stat. § 60–6,197(10) (Reissue 1993)). For the reasons cited below, we affirm.

## FACTS

On May 17, 1993, at approximately 12:51 a.m., Seward police officer Sherry Matol Lave, driving a marked police cruiser, observed a black pickup eastbound on Seward Street cross the centerline. After she observed the pickup go left of the centerline a second time, Lave stopped the vehicle and determined that the driver was appellant, Dennis C. Smith. Lave testified that Smith appeared to be hesitant and confused, had bloodshot eyes, and had an odor of alcohol about him. Smith told Lave that he had been at Luebbe's bar in Seward, where he had consumed approximately five or six drinks. Lave asked Smith to step out of the vehicle to perform field sobriety tests. As Smith stepped out of his car to move back to the area between his vehicle and the patrol car, he "was having difficulty maintaining his balance" and "staggered," and Lave "grabbed him so he [would not] fall."

Lave requested that Smith perform field sobriety tests including the alphabet test and a 30–second leg–lift test, both of which Smith refused to attempt. Lave also requested that Smith perform a finger–count test and a nine–step heel–to–toe test, both of which he failed. At that time, Lave determined that Smith had been driving while under the influence of alcohol and advised Smith that he was under arrest. Smith refused to comply with Lave's request to turn around and place his hands on the hood of the police cruiser. Lave testified that Smith became loud and belligerent and refused to let Lave restrain his hands. Smith hung on to the rail of his truck and refused to release his hands.

Scott Gaston, a police officer for the city of Seward, testified that he arrived on the scene as Lave was telling Smith that he was under arrest and to place his hands behind his back. Gaston

observed Smith walk away from Lave and proceed to grab the rail of the pickup to avoid having his hands cuffed. Smith also yelled profanities at the officers. Smith was finally cuffed and placed in the police cruiser after Gaston and Seward County Deputy Sheriff Karl Hoehler were able to physically restrain him. Gaston also testified that based on the odor of alcohol on Smith's breath, Smith's disposition, and his lack of cooperation, Gaston was of the opinion that Smith was intoxicated.

Smith was transported to the Seward County jail. After Smith was read an implied consent form, Smith was directed to submit to a breath test, which he did.

Prior to trial, Smith filed a motion to suppress the results of the chemical test of his breath for the reason that Smith was not advised of the consequences of submitting to the test prior to the test being administered as required by § 39-669.08(10). The county court overruled the motion, and at trial Smith renewed his objection to the results of the chemical test of his breath. Although the trial court reserved ruling on the matter, the court stated in its "Verdict and Order" that Smith was guilty of violating § 39-669.07, since "the evidence is sufficient to support a finding beyond a reasonable doubt on both possible bases for a finding of guilt, i.e., under the influence and an excessive [blood alcohol content]." Therefore, although it is not specifically stated in the record, we proceed on the basis that the trial court overruled the objection and received the results of the breath test in evidence.

On appeal, the district court affirmed Smith's convictions.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. The trial court's findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993).

## ANALYSIS

■ Smith argues on appeal that the county court erred by failing to sustain his motion to suppress the results of his chemical breath test on the grounds that he was not advised of the consequences of submitting to such a test as required by § 39-669.08(10) (now codified at § 60-6,197(10)). We are aware of the recent Nebraska Supreme Court case *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995) (which involved the defendant in the present case), wherein the administrative revocation of Smith's operator's license was reversed on appeal. The Supreme Court held that the advisory form read to Smith prior to the administration of the chemical breath test was inadequate to give Smith notice of the consequences of failing a breath test as required by § 60-6,197(10). However, in the present case we need not determine whether the trial court erred by overruling Smith's motion to suppress and receiving the results of the chemical breath test in evidence, since the record shows there was other admissible evidence to sustain Smith's conviction of the crime charged without the breath test results. See *State v. Wenzel*, 215 Neb. 395, 338 N.W.2d 772 (1983) (holding it unnecessary and inappropriate for appellate court to decide issue of propriety of receiving breath test results into evidence where record contained ample evidence that defendant operated motor vehicle while under influence of alcohol). See, also, *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (holding that appellate court is not obligated to engage in analysis not needed to adjudicate case and controversy before it).

Section 39-669.07, the relevant statute at the time of Smith's arrest, provided in relevant part:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

(b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per

two hundred ten liters of his or her breath.

■ The violation of § 39-669.07 is one offense, but it can be proved in more than one way, i.e., by excessive blood alcohol content shown through a chemical test or by evidence of physical impairment plus other well-known indicia of intoxication. See *State v. Dake*, 247 Neb. 579, 529 N.W.2d 46 (1995). Given the testimony of Lave and Gaston about Smith's driving violations, the odor of alcohol about him, his confused demeanor, his lack of balance, his belligerence, and his failure of the field sobriety tests, along with Smith's admission that he had recently had five or six drinks in Luebbe's bar, the evidence was sufficient to support the trial court's finding that Smith was driving while under the influence of alcoholic liquor, in violation of the provisions of § 39-669.07(1)(a).

## CONCLUSION

It is to be remembered that under our standard of review, we view this evidence in a light favorable to the State. Since this evidence is sufficient to prove the offense, we need not consider the admissibility of the chemical breath test. Smith did not present any argument on appeal with regard to his conviction of resisting arrest. Accordingly, Smith's convictions and sentence are affirmed in all respects.

AFFIRMED.