_____

No. 95-4102
_____

United States of America,           *
                                     *
        Plaintiff/Appellant,         *
                                     *   Appeal from the United States
    v.                               *   District Court for the Western
                                     *   District of Missouri.
Mark A. Morgan,                      *
                                     *
        Defendant,                   *
                                     *
Walker LaBrunerie,                   *
                                     *
        Defendant/Appellee,          *
                                     *
Charles J. Weber,                    *
                                     *
        Defendant.                   *

_____

Submitted:  April 9, 1996

Filed:  August 12, 1996
_____

Before BEAM and MURPHY, Circuit Judges, and BURNS,[*] District Judge.
_____

BEAM, Circuit Judge.

        After determining that Walker LaBrunerie's inculpatory statement was given in the course of plea discussions, the district court suppressed the statement under Rule 11(e)(6)(D) of the Federal Rules of Criminal Procedure.  The government appeals.  We reverse.

_____

        *The HONORABLE JAMES M. BURNS, United States District Judge for the District of Oregon, sitting by designation.

## I. BACKGROUND

This appeal involves a troublesome situation in which law enforcement agents sought a suspect's cooperation and are now attempting to use his statements against him. The Federal Bureau of Investigation (FBI) and the Internal Revenue Service (IRS) conducted an investigation into corruption in the city government of Kansas City (Missouri). During the investigation, LaBrunerie came under suspicion for, among other things, bribing city council member Michael Hernandez to obtain favorable zoning action. Unknown to LaBrunerie, Hernandez had been actively cooperating in the investigation.

At some point during the investigation, the FBI needed the cooperation of another suspect. LaBrunerie was selected for the task and approached at his Kansas City home at approximately 8:00 a.m. on September 15, 1994. The reportedly cordial meeting, between LaBrunerie and two agents, lasted for roughly thirty minutes. LaBrunerie was informed of the criminal charges he could face,[1] the strong possibility of jail time, and the importance of his cooperation. After LaBrunerie briefly explained his role in the offenses, the agents requested his further cooperation and asked him to attend another meeting later that same morning. Stating that he had no option other than cooperating with the investigators, LaBrunerie agreed to attend the meeting.

LaBrunerie drove to a hotel several miles from his home to attend the second meeting. It began around 10:00 a.m. and lasted approximately three hours. Several FBI agents were present, as was Assistant United States Attorney Paul Becker. Following introductions, Becker spent approximately the first fifteen minutes of the meeting explaining the charges LaBrunerie could face, the

---

[1]Those charges included bribery, money laundering, income tax evasion, mail fraud and fraud against the government.

effect of his cooperation on his sentence, and, in general terms, the federal sentencing guidelines. At this meeting, LaBrunerie incriminated himself by giving a detailed explanation of his role in the offenses.

LaBrunerie attended both meetings without obtaining counsel. Indeed, the FBI agents admittedly discouraged LaBrunerie from obtaining counsel and did not read him his Miranda rights. The agents informed LaBrunerie that although he was a target of the investigation, he was free to leave the meetings at any time and was not under arrest. LaBrunerie was further instructed not to tell anyone about the meetings because public knowledge of his cooperation would lessen his value as an informant.[2]

For various reasons, LaBrunerie's cooperation with the investigation disintegrated. After LaBrunerie informed others of his cooperation with law enforcement, the FBI effectively dropped him as a source. He was subsequently indicted on various charges involving the bribery of councilman Hernandez. LaBrunerie then moved to suppress his September 15th statements.

At a suppression hearing before the magistrate judge, both LaBrunerie and the prosecution focused on the issues of whether the FBI's questioning of LaBrunerie was custodial and whether his statements were voluntarily given. The magistrate judge found that the statement made at the 8:00 meeting was admissible as voluntarily given during non-custodial questioning. This appeal does not involve that ruling. At the end of that suppression hearing, however, the magistrate judge sua sponte raised the issue of whether the 10:00 statement was given in the course of plea

---

[2]The FBI agents wanted LaBrunerie to work undercover for them. This work was to entail, among other things, LaBrunerie's taping of conversations regarding the bribery schemes. If LaBrunerie's cohorts were made aware of his cooperation with the FBI, they would likely not freely discuss those matters with him.

discussions and was, thus, inadmissible under Federal Rule of Criminal Procedure 11(e)(6)(D) (Rule 11).  Neither side had considered or argued this point.

The magistrate judge found the 10:00 statement was made in the course of plea discussions and recommended that it be suppressed.  The district court held a hearing specifically addressing this issue and entered an order suppressing the 10:00 statement.  The government alleges that this ruling was erroneous because the 10:00 statement by LaBrunerie was merely offered in the hope of obtaining leniency in sentencing and, therefore, is admissible evidence.

## II.  DISCUSSION

The district court's ultimate determination that LaBrunerie's 10:00 statement was given in the course of plea discussions is a mixed question of law and fact.  See Ornelas v. United States, 116 S. Ct. 1657, 1662 (1996) (holding district court's determination of whether probable cause existed for search, requiring application of historical facts to law, is mixed question of law and fact and should be reviewed de novo).  On appeal, therefore, we review the determination de novo.[3]  See id.  To determine whether LaBrunerie's

---

[3]In so holding, we recognize the contrary Eighth Circuit cases cited by the appellees for the proposition that the district court's denial of a motion to suppress is reviewed under a clearly erroneous standard.  See, e.g., United States v. Hare, 49 F.3d 447, 450 (8th Cir.), cert. denied, 116 S. Ct. 211 (1995); United States v. Lloyd, 43 F.3d 1183, 1186 (8th Cir. 1994).  Initially, we note that those cases predate the United States Supreme Court's decision in Ornelas.  Next, we note that despite stating the appropriate level of review was one of clear error, a closer reading of the cases shows that the court proceeded to review "the totality of the circumstances."  Hare, 49 F.3d at 451; Lloyd, 43 F.3d at 1186.  In other words, the court's actual review much more closely resembled a de novo review than it did a clearly erroneous review.  In any event, we would reach the same result using either standard of review, because on these facts the district court committed clear error by determining LaBrunerie's 10:00 statement was made in the course of plea discussions.

statement was given in the course of plea discussions, we look to the specific facts and examine the totality of the circumstances surrounding the statement.  United States v. Grant, 622 F.2d 308, 312 (8th Cir. 1980).

The essential purpose of Rule 11, upon which the district court based its suppression order, is promoting active plea negotiations and encouraging "frank discussions" in plea bargaining.  Rachlin v. United States, 723 F.2d 1373, 1376 (8th Cir. 1983).  The rule provides, in relevant part:

> [E]vidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> . . . .
>
> (D)  any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Fed. R. Crim. P. 11(e)(6)(D).  By its plain language, the rule makes it clear that a statement must be given "in the course of plea discussions" to come within the rule's exclusionary language.  See, e.g., United States v. Robertson, 582 F.2d 1356, 1367 (5th Cir. 1978) (court must distinguish between those discussions in which "the accused was merely making an admission and those discussions in which the accused was seeking to negotiate a plea agreement").  Therefore, we must determine whether LaBrunerie's 10:00 statement was given "in the course of plea discussions" within the meaning of Rule 11.

This case is indistinguishable from United States v. Hare, 49 F.3d 447 (8th Cir.), cert. denied, 116 S. Ct. 211 (1995).  In Hare, we agreed with the district court that statements should not be

suppressed because they were not given in the course of plea discussions. Id. at 449.  The facts of this case are very similar.  In both cases, the defendants were attorneys; here, LaBrunerie is a graduate of Harvard Law School.  Although both LaBrunerie and Hare were originally contacted by FBI agents who lacked the authority to engage in plea bargaining, they both voluntarily confessed their involvement in criminal activities to those agents.  Both initial meetings were followed by second meetings, at removed locations, to which the defendants voluntarily journeyed.  At both of these second encounters, the then-present Assistant United States Attorneys engaged in generalized discussions of the sentencing guidelines and the possible effect of cooperation on the defendants' respective sentences.

In neither the present case nor the Hare case did the Assistant United States Attorneys discuss a possible plea bargain  or in any way encourage arrival at a plea bargain before the defendants made the incriminating statements.  In fact, plea bargains were unattractive options for the FBI because the attendant publicity would negate the effectiveness of the suspects' cooperation.  Both LaBrunerie and Hare offered their cooperation in the hope of bettering their situation somewhere down the road.  As we stated in Hare:

> [The defendant's] statements were offered unconditionally in an effort to cooperate.  Perhaps [the defendant] was hopeful of improving his situation and eventually gaining a motion for substantial assistance at sentencing, but the statements cannot be said to have been made in the course of plea discussions within the meaning of the exclusionary rules because no plea bargain was offered or even contemplated at that point.

Id. at 451 (emphasis added).

Simply put, normal plea discussion events did not occur in the present case:  (1) no specific plea offer was made; (2) no deadline

-6-

to plead was imposed; (3) no offer to drop specific charges was made; (4) no discussion of sentencing guidelines for the purpose of negotiating a plea occurred--only a generalized discussion to give the suspect an accurate appraisal of his situation occurred; and (5) no defense attorney was retained to assist in the formal plea bargaining process. See id. at 450; Rachlin, 723 F.2d at 1376-77. LaBrunerie knew that the offenses with which he could be charged were serious. Nevertheless, such knowledge does not transform an admission into a plea discussion. Therefore, we find on the facts of this case, Rule 11 was inapplicable to the statement here at issue.

## III.  CONCLUSION

Because we find no plea discussion to justify suppression of LaBrunerie's statement under Rule 11(e)(6)(D), we reverse the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.