**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4030

THOMAS LEE WILLIAMS, a/k/a Ty,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                           No. 96-4060
MARGARET JONES, a/k/a Barbara
Green,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-1)

Submitted: October 31, 1996

Decided: November 20, 1996

Before WILKINS and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale T. Cobb, Jr., BELK, COBB, CHANDLER & GOLDSTEIN, P.A., Charleston, South Carolina; W. E. Jenkinson, III, JENKINSON & JENKINSON; Lionel S. Lofton, LAW OFFICES OF LIONEL S. LOFTON, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Mark C. Moore, Assistant United States Attorney, Scarlett A. Wilson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants were indicted and tried together. The jury convicted Appellant Williams of one count each of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base ("crack"), possession with intent to distribute cocaine base, distribution of cocaine and cocaine base, aiding and abetting the possession and distribution of cocaine, attempted possession of cocaine with intent to distribute, and possession of a firearm in relation to a drug trafficking offense. The jury convicted Appellant Jones of one count each of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base ("crack") and aiding and abetting the possession and distribution of cocaine. Appellants filed timely notices of appeal, and this court consolidated the appeals. On appeal, Appellants challenge the admission of a suitcase containing cocaine, the denial of Appellant Jones's motion for severance, the denial of a joint motion for a mistrial, and the Government's alleged use of perjured testimony. Finding no errors, we affirm the convictions and sentences.

In June 1994, police officers in Charleston, South Carolina, acting on a tip from a police officer in Hollywood, Florida, discovered

2

approximately four kilograms of cocaine in a suitcase taken off of an Amtrak train in Charleston. The Government alleged that this same suitcase was placed on the train in Hollywood by Appellants. Appellants contend that the Government did not present sufficient authentication evidence, as is required under Fed. R. Evid. 901, to show that the suitcase discovered in Charleston containing cocaine was the same suitcase seen in Hollywood, or, alternatively, that the suitcase was not tampered with along the way. We disagree.

The purpose of Fed. R. Evid. 901 is to ensure that the evidence presented is what the proponent claims it to be. While the ultimate question of authenticity is one for the jury, the trial judge performs an important "gate-keeping" function and must determine whether the proponent "has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). Resolution of this issue lies within the discretion of the trial judge.

While Appellants are correct that there are "gaps" in the evidence, the trial judge correctly ruled that the "gaps" in the evidence went to the weight which could be accorded to the evidence, not to its admissibility. See United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.), cert. denied, 459 U.S. 874 (1982); see also United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir.), cert. denied, 503 U.S. 994 (1992); United States v. Cardenas, 864 F.2d 1528, 1531 (10th Cir.), cert. denied, 491 U.S. 909 (1989). We hold that the evidence, taken as a whole, was sufficient for the jurors to reasonably find that the suitcase containing cocaine in Charleston was the same one Williams and Jones placed on the train in Hollywood. Therefore, the trial judge did not abuse her discretion in admitting the suitcase.

The trial judge also did not abuse her discretion in denying Appellant Jones's motion to sever or in denying the joint motion for a mistrial. Although Jones was only named in two of the nine counts in the indictment, the general rule is that co-conspirators are tried together. This is true even where one co-conspirator is charged with more counts than the other. See United States v. Porter, 821 F.2d 968 (4th Cir. 1987), cert. denied, 485 U.S. 934 (1988). The trial judge here gave proper limiting instructions throughout the trial and at the close of evidence. In addition, Jones's attorney frequently reminded the

jury that certain witnesses and evidence did not apply to Jones, and the Government occasionally entered into stipulations to this effect. Moreover, we hold that sufficient evidence existed to support an independent finding of guilty.

Appellants' motion for a mistrial was based on the Government's cross-examination of Sheriff Theodore McFarlin, in which Sheriff McFarlin testified that one of Williams's attorneys talked to him about plea bargaining. Appellants argue that this testimony violated Fed. R. Crim. P. 11(e)(6) and Fed. R. Evid. 410. We disagree.

For statements to be protected under Fed. R. Crim. P. 11(e)(6) and Fed. R. Evid. 410, they must be made by the defendant or his attorney to a prosecuting attorney or someone with authority to enter plea negotiations, and they must in fact be made in the course of plea negotiations. United States v. Morgan, 91 F.3d 1193 (8th Cir. 1996); United States v. Hare, 49 F.3d 447 (8th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (No. 95-5135); United States v. Davidson, 768 F.2d 1266, 1270 (11th Cir. 1985); United States v. Bernal, 719 F.2d 1475, 1478 (9th Cir. 1983).

In the present case, there was no evidence that the discussion between Williams's attorney and Sheriff McFarlin rose to the level of plea negotiations. There was no evidence that Williams was offering to plead guilty, or that the discussion was initiated by Williams's request or even with Williams's knowledge. Moreover, there was no evidence that McFarlin had any authority to enter into plea negotiations. Succinctly stated, the evidence on this issue, taken as a whole, reflected that Williams's attorney was simply trying to see if the Sheriff's Office would be willing to recommend a more favorable forum for the handling of Williams's case.

Finally, we hold that Appellants' contention that the Government knowingly used perjured testimony is without merit. The law in this circuit is that a "defendant seeking to vacate a conviction based on perjured testimony must show that the testimony was, indeed, perjured." United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987). Appellants fail to meet this burden.

Appellants make the conclusory argument that one of the Government witnesses must have lied because the defense presented contra-

4

dictory testimony, and they assert that another Government witness must have lied simply because there was no evidence to corroborate his testimony. We find these arguments unpersuasive. Moreover, Appellants have failed to show any prejudice from the challenged testimony. Williams was acquitted of three of the four counts which directly related to the testimony, and we find that the testimony linked to the fourth count was adequately supported by other evidence.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED