STATE OF NEBRASKA, APPELLEE, V.
KELLY R. MCCURRY, APPELLANT.
561 N.W.2d 244

Filed March 4, 1997.    No. A-96-318.

Bradley D. Holtorf, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

MILLER-LERMAN, Chief Judge.

Kelly R. McCurry was convicted in the county court for Dodge County of count I, driving while under the influence of alcohol, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993); count II, refusal to submit to a chemical test, in violation of Neb. Rev. Stat. § 60-6,197(4) (Reissue 1993); and count III, refusal to submit to a preliminary breath test, in violation of § 60-6,197(3). His convictions were affirmed by the district court for Dodge County. For the reasons set forth below, we affirm McCurry's convictions for count I, driving while under the influence of alcohol, and count III, refusal to submit to a preliminary breath test. We reverse McCurry's conviction for count II, refusal to submit to a chemical test, and remand with directions to dismiss count II.

## I. FACTS

A few minutes after midnight on February 10, 1995, Officer Mike Soderberg, a Nebraska state trooper, noticed a vehicle, driven by McCurry, fail to stop at a stop sign at the intersection of Military Avenue and U.S. Highway 275 in Dodge County. Officer Soderberg stopped McCurry and asked for his driver's license, vehicle registration, and proof of insurance. Officer Soderberg testified that he detected the odor of alcohol on McCurry's breath at this time. McCurry got out of his car to remove his wallet from his back pocket. When McCurry stepped from his car, he stumbled, lost his balance, and momentarily sat back down in the driver's seat. At this point, McCurry was directed to the patrol car. Officer Soderberg testified that after McCurry had been brought back to the patrol car, Officer Soderberg asked McCurry if he had been drinking and McCurry denied that he had been drinking.

Officer Soderberg administered several field sobriety tests to McCurry. McCurry correctly recited the alphabet. McCurry counted backward from 100 to 75, omitting 99 and counting 80 twice. When asked to count backward from 69 to 54, McCurry counted correctly from 69 to 53. McCurry satisfactorily passed the finger-to-nose test but was unable to pass a test requiring him to stand on one leg with his arms held out to his sides. McCurry also did not satisfactorily pass a test requiring him to walk heel-to-toe on a white line.

After administering the field sobriety tests, Officer Soderberg asked McCurry to submit to a preliminary breath test. Officer Soderberg read to McCurry the top portion of a form entitled "Preliminary Breath Test Advisement Pre-Arrest." The form stated in part:

> Kelly R. McCurry, I am requiring you to submit to a preliminary test of your breath for alcohol content pursuant to Section 60-6,197 of Nebraska Statutes.
>
> If you refuse to submit to the preliminary breath test, you shall be:
>
> (a) placed under arrest; and
>
> (b) subject to prosecution for Class V misdemeanor and upon conviction thereof, you may be fined up to one hundred dollars.

If you fail this test you will be arrested.

In addition, you may be required to submit to a chemical test of your blood, breath or urine for a determination of the alcohol content. A refusal to submit to a chemical test is an offense separate and distinct from the offense of refusing to submit to a preliminary breath test.

Officer Soderberg testified that McCurry refused to take the test and said, " 'I know I couldn't blow below .10, but I could drive home.' " Upon McCurry's refusal to take the preliminary breath test, he was arrested and taken to the Dodge County Judicial Center. Officer Soderberg stated that McCurry called him obscene names while being transported to the judicial center. After arriving at the judicial center, Officer Soderberg read McCurry the form entitled "Administrative License Revocation Advisement Post Arrest." This form, which is in the record, appears to be the same advisory form that was found inadequate by the Nebraska Supreme Court in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995). McCurry again refused to submit to a chemical test. At trial, McCurry did not object to the admission of the postarrest advisory form.

McCurry was charged with driving while under the influence of alcohol, refusal to submit to a chemical test, and refusal to submit to a preliminary breath test. McCurry filed a motion to suppress statements made by him to Officer Soderberg; the motion was denied. Following a bench trial, he was convicted by the county court of all three charges. At the sentencing hearing, the conviction for driving while under the influence was enhanced to a third offense. McCurry was sentenced to 6 months in jail and 15 years' revocation of his driver's license on the charge of driving while under the influence, was sentenced to 90 days in jail and 6 months' revocation of his driver's license for refusal to submit to a chemical test, and was assessed a $100 fine plus costs for refusal to submit to a preliminary breath test. On appeal to the district court, McCurry's convictions and sentences were affirmed. McCurry now appeals to this court.

## II. ASSIGNMENTS OF ERROR

Restated, McCurry claims that the trial court erred in (1) not sustaining his motion to suppress statements made by him to

Officer Soderberg and allowing such evidence at trial and (2) finding that there was sufficient evidence to support his convictions.

## III. STANDARD OF REVIEW

█ In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through use of erroneously admitted evidence in a case tried without a jury. *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997).

█ In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. The trial court's findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. *Id.*

█ If an appeal raises issues which cannot be resolved on the record presented and if it nevertheless appears that the evidence may be sufficient to support a conviction, the cause may be remanded to the district court for further proceedings; if the evidence is not sufficient, the cause must be dismissed. *Id.*

█ Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Hanus*, 3 Neb. App. 881, 534 N.W.2d 332 (1995).

█ A trial court's ruling on a motion to suppress has traditionally been upheld on appeal unless its findings of fact are clearly erroneous. *State v. Lopez*, 249 Neb. 634, 544 N.W.2d 845 (1996) (holding that clearly erroneous standard of review applied to case involving suppression of statements and impli-

cating Fifth Amendment). However, a new standard of review has emerged in cases involving motions to suppress pertaining to the legality of stops and subsequent searches. Relying on *Ornelas v. United States*, 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996), the Nebraska Supreme Court recently decided *State v. Konfrst*, 251 Neb. 214, 222-23, 556 N.W.2d 250, 258 (1996), which states:

> In light of the U.S. Supreme Court's decision in *Ornelas v. U.S.*, ___ U.S. ___, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996), the traditional clearly erroneous standard of review of a district court's determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search is no longer applicable. The clearly erroneous standard has now been supplanted by a two-stage standard in which the ultimate determinations of reasonable suspicion and probable cause are reviewed de novo and findings of fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge. *Id.*

> A trial court's ruling on a motion to suppress, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. See, *State v. Newman*, 250 Neb. 226, 548 N.W.2d 739 (1996); *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996). In making this determination, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *Id.*

The *Konfrst* court had before it the issue of the propriety of a denial of a motion to suppress in the context of a vehicle stop and subsequent search, which issue was controlled by Fourth Amendment principles. Thus, *Konfrst*'s pronouncements are limited to the Fourth Amendment. The *Konfrst* court relied on *Ornelas v. U.S., supra*, in support of its holding regarding the standard of review. For the sake of completeness, we note that the *Ornelas* standard of review, coupled with reliance on *Thompson v. Keohane*, 516 U.S. 99, 116 S. Ct. 457, 133 L. Ed.

2d 383 (1995), has been extended by other courts to the appellate review of Fifth Amendment issues involving the failure to give *Miranda* warnings. See, e.g., *U.S. v. Yusuff*, 96 F.3d 982 (7th Cir. 1996). See, also, *U.S. v. Morgan*, 91 F.3d 1193 (8th Cir. 1996). An argument could be made, therefore, that the *Ornelas/Thompson* standard of review is applicable to the instant case involving application of Fifth Amendment principles. We do not further address this topic because under the facts of the instant case, the outcome would be the same under a clearly erroneous or de novo standard of.review or a combination of the two.

## IV. ANALYSIS

### 1. SUPPRESSION OF STATEMENTS

McCurry assigns as error the overruling of his motion to suppress two statements made while being detained by Officer Soderberg. First, McCurry objects to the admission into evidence of his response to Officer Soderberg's question as to whether he had been drinking. McCurry denied he had been drinking. Second, McCurry objects to admission of his statement, " 'I know I couldn't blow below .10, but I could drive home.' " McCurry asserts that his statements were made without benefit of the *Miranda* warning or admonition and were thus inadmissible.

In *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), the Supreme Court held that the protection of the privilege against self-incrimination requires certain warnings regarding rights and a voluntary, knowing, and intelligent waiver of those rights before incriminating responses to custodial interrogation can be admissible in a criminal proceeding. *Miranda* implicates only statements that are both testimonial in nature and elicited during custodial interrogation. *State v. Bowers*, 250 Neb. 151, 548 N.W.2d 725 (1996).

As noted above, Officer Soderberg testified that he noticed an odor of alcohol about McCurry at the time of the initial stop. He also testified that he smelled alcohol on McCurry's breath after McCurry had been brought back to the patrol car. Officer Soderberg then asked McCurry whether he had been drinking. McCurry denied he had been drinking. McCurry

objects to the admission of this statement as being the product of a custodial interrogation. Following our review of the record, we determine that we need not evaluate whether McCurry's statements were made in the course of a custodial interrogation. Use of McCurry's statement that he had not been drinking is not necessary to the resolution of the case where Officer Soderberg's observations of McCurry and the existence of other well-known indicia of intoxication support the conviction for driving while under the influence. See *State v. Smith*, 4 Neb. App. 66, 537 N.W.2d 539 (1995). An appellate court is not obligated to engage in analysis not needed to adjudicate a case and controversy before it. See *id.* (citing *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994)). The denial of the motion to suppress this statement was not error.

Officer Soderberg also stated that after McCurry completed the field sobriety tests, he was asked to submit to a preliminary breath test and was read an advisory form. According to Officer Soderberg, McCurry stated that he would not take the preliminary breath test and then added that he could not " 'blow below .10' " but could drive home. It is the admission of this statement to which McCurry additionally objects.

We note that a " 'spontaneously volunteered statement' of a suspect or defendant is admissible in the absence of the *Miranda* warning." *State v. Gibson*, 228 Neb. 455, 464, 422 N.W.2d 570, 576 (1988). " 'Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.' " *State v. Taylor*, 221 Neb. 114, 116, 375 N.W.2d 610, 612-13 (1985). The record reflects that McCurry's statement that he could not " 'blow below .10' " was not the product of police interrogation but, rather, was spontaneously volunteered by McCurry when asked to submit to a preliminary breath test. Therefore, we conclude that the county court did not err in refusing to suppress this statement.

### 2. SUFFICIENCY OF EVIDENCE: DRIVING WHILE UNDER INFLUENCE OF ALCOHOL

McCurry argues that the evidence was insufficient to convict him of driving while under the influence of alcohol, a violation of § 60-6,196. Because McCurry refused to take a

chemical test, the State relies upon § 60-6,196(1)(a), which provides that it is unlawful for any person to operate or be in the actual physical control of a motor vehicle while under the influence of alcoholic liquor. As the State correctly observes, a violation of § 60-6,196(1)(a) may be proved by officer observation or evidence of physical impairment plus other well-known indicia of intoxication. *State v. Smith, supra.* See *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991).

The record reflects that Officer Soderberg stated that he observed McCurry fail to stop at a stop sign, he observed McCurry stumble and lose his balance while exiting his vehicle, he smelled alcohol on McCurry's breath, McCurry failed to satisfactorily perform two field sobriety tests administered to him, and McCurry became belligerent while being transported to the judicial center. Officer Soderberg testified that based on his experience, McCurry was "driving while intoxicated." Thus, the evidence was sufficient to support the county court's finding that McCurry was driving while under the influence of alcohol, in violation of the provisions of § 60-6,196.

### 3. Sufficiency of Advisory Forms

#### a. Refusal to Take Chemical Test

The postarrest advisory form in this case appears to be identical to the advisory forms found inadequate in *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997); *State v. Emrich*, 251 Neb. 540, 557 N.W.2d 674 (1997); and *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997). In those cases, the Nebraska Supreme Court held, inter alia, that in a criminal case, if a driver-arrestee was read an inadequate advisory form before taking a chemical blood test, it is error for a trial court to admit chemical test results obtained after the driver-arrestee was read the inadequate advisory form. Admission of such evidence without objection constitutes plain error. See *State v. Hingst, supra.* See, also, *Perrine v. State*, 249 Neb. 518, 544 N.W.2d 364 (1996) (holding in administrative license revocation case that it was plain error to admit evidence of refusal to submit to chemical test when advisory form was inadequate). Plain error may be noted by an appellate court on its own motion. *State v. Collins*, 1 Neb. App. 596, 510 N.W.2d 330

(1993). In addition, this court has held that § 60-6,197(10)(a) and (b) requires that a driver-arrestee be advised of the consequences of both refusing, and taking and failing a breath test. *State v. McGurk*, 95 NCA No. 45, case No. A-95-162 (not designated for permanent publication).

If the advisory form is inadequate, the evidence is insufficient to sustain a conviction for refusal to submit to a chemical test because the refusal is not based on an adequate advisement of the consequences of a refusal. Because the postarrest advisory form read to McCurry suffers from the same infirmities as those in *Christner*, *Emrich*, and *Hingst*, we conclude that its admission into evidence constituted plain error on the part of the county court and that the proofs were, therefore, inadequate. Consequently, McCurry's conviction for count II, refusal to submit to a chemical test, is reversed.

b. Refusal to Take Preliminary Breath Test

Section 60-6,197(3) provides that refusal to submit to a preliminary breath test will result in arrest and in the arrestee's being subject to prosecution for a Class V misdemeanor. A Class V misdemeanor can result in a penalty of up to $100. Neb. Rev. Stat. § 28-106 (Reissue 1995). A recitation of these consequences formed a portion of the prearrest advisory form read to McCurry when he was asked to submit to a preliminary breath test. The prearrest advisory form did not, however, advise McCurry of each and every statutory consequence of refusing to take the preliminary breath test. In particular, the form does not state that pursuant to § 60-6,197(10), such refusal is admissible evidence in any action for violation of § 60-6,196, which makes it a violation to drive while under the influence of alcohol. See § 60-6,197(10). For the sake of completeness, we note that the form did not advise McCurry of the case law surrounding taking and failing the preliminary breath test. In particular, McCurry was not advised that had he submitted to the preliminary breath test, the results of the preliminary breath test would not be admissible to establish driving while under the influence of alcohol, although the results might be used to establish that probable cause existed to require him to submit to a test of his

blood, breath, or urine. See *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986).

We are aware of the Nebraska Supreme Court's holding in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995), that an advisory form which does not inform a driver-arrestee of all the consequences of submitting to and failing a chemical test, as distinguished from a preliminary breath test, is inadequate. *Smith* was founded on a reading of § 60-6,197(10), coupled with Neb. Rev. Stat. §§ 60-6,201, 60-6,205(6)(c), and 60-6,206(3) (Reissue 1993), which a majority of the Supreme Court concluded required additional advisements to comport with each of those statutes and the manifold consequences under those statutes of taking and failing a chemical test, as distinguished from a preliminary breath test and its more confined consequences. We further note that since *Smith* was decided, the Nebraska Legislature has revised § 60-6,197(10), the statute upon which *Smith* was grounded.

In construing a statute, an appellate court must look at the statutory objective to be accomplished, problem to be remedied, or purpose to be served, and then place on the statute a reasonable construction which best achieves its purpose, rather than a construction which will defeat the purpose. *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). We believe that the prearrest advisory form read to McCurry in connection with his refusal to take the preliminary breath test accomplishes the statutory objective of informing him of the consequences of refusal to submit to a preliminary breath test. Thus, the county court did not err in convicting McCurry of this charge.

## V. CONCLUSION

In accordance with the foregoing analysis, we affirm McCurry's convictions for count I, driving while under the influence of alcohol, and count III, refusal to submit to a preliminary breath test. With respect to count II, we reverse the judgments of both the district court and the county court, with directions to set aside the conviction and dismiss count II of the complaint.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.