STATE OF NEBRASKA, APPELLEE, V.
DOUG A. SCHMUECKER, APPELLANT.
560 N.W.2d 847

Filed March 11, 1997.    No. A-96-568.

Thomas S. Stewart, of Butler, Voigt, Brewster & Stewart, P.C., for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

MILLER-LERMAN, Chief Judge.

Doug A. Schmuecker was convicted in the county court for Buffalo County of driving while intoxicated, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993), and of failure to stop at a stop sign, in violation of Neb. Rev. Stat. § 60-6,148(2) (Reissue 1993). His convictions were affirmed by the district court for Buffalo County. For the reasons recited below, we affirm Schmuecker's convictions.

## BACKGROUND

On August 19, 1994, at approximately 11:20 p.m., Kearney police officer Daniel Engels observed that a vehicle driven by Schmuecker failed to stop at a stop sign at the intersection of North Railroad Street and Fifth Avenue in the city of Kearney in Buffalo County. Engels testified that he immediately activated his red lights and stopped Schmuecker's vehicle. Engels stated that he detected an odor of alcohol coming from within the car, but that he was initially unable to determine if the odor

came from Schmuecker or from a front seat passenger in Schmuecker's car. According to Engels, he asked Schmuecker to step from his car, and in doing so, Schmuecker staggered and grabbed onto the car to maintain his balance. Engels testified that after Schmuecker got out of his car, Engels could detect the odor of alcohol on him and could see that Schmuecker's eyes were red and bloodshot.

Schmuecker agreed to Engels' request to perform some field sobriety tests. Among the tests administered by Engels were the "one-leg stand" test, in which Schmuecker was asked to stand with both feet together and his arms at his sides and then to alternately raise each leg straight out in front of him while counting from 0 to 30. Engels testified that Schmuecker tried three times, but was completely unable to maintain his balance. Engels stated that Schmuecker failed the one-leg stand test.

Engels also administered the walk-and-turn test, a two-stage process in which Schmuecker was first asked to stand heel-to-toe while Engels demonstrated the remainder of the test. Schmuecker was then asked to take nine heel-to-toe steps, pivot, and then take another nine heel-to-toe steps. Engels testified that Schmuecker was unable to stand stationary to watch Engels demonstrate the test. When Schmuecker attempted to perform the test, he took around 15 steps, spun around, and took another 13 steps. Engels stated that Schmuecker failed the walk-and-turn test.

Engels testified that Schmuecker was impaired by reason of alcohol. Engels based his opinion on his observations of Schmuecker, the odor of alcohol coming from Schmuecker, and Schmuecker's failure to pass the field sobriety tests. Engels stated that Schmuecker was placed in the front of the patrol car and was "read the . . . post-arrest advisement." Engels then took Schmuecker to a hospital, where blood was drawn to determine Schmuecker's blood alcohol level.

Schmuecker was charged with driving while intoxicated and failure to stop at a stop sign. Trial was conducted to the bench in county court. Engels testified regarding the facts recited above.

Offered into evidence without objection was a hospital form on which it was recorded that Schmuecker's blood alcohol level

was .16. Milissa Pearse, a medical technologist at the hospital, testified, also without objection, that Schmuecker's blood alcohol level was .16.

At the close of the State's case, the county court denied Schmuecker's motion to dismiss the charges against him. The court convicted Schmuecker of both charges. The trial court did not specify the basis for its rulings.

On appeal from the county court to the district court, Schmuecker assigned as error that (1) there was insufficient evidence to find him guilty of each of the charges against him and (2) the prosecution against him after his license had been administratively revoked violated the prohibition against double jeopardy. The district court affirmed Schmuecker's convictions.

## ASSIGNMENTS OF ERROR

Schmuecker alleges that the district court erred in (1) affirming the decision of the county court and not finding plain error and (2) affirming his convictions from the evidence presented at trial. In summary, Schmuecker complains that the results of his chemical blood test should not have been admitted into evidence because it was not shown by the State that he was fully advised of the consequences both of refusing and of submitting to and failing a chemical test. Schmuecker also asserts that there was insufficient evidence to convict him on each of the charges against him.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. The trial court's findings have the effect of a jury trial and will not be set aside unless clearly erroneous. *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996).

Both the district court and a higher appellate court generally review appeals from the county court for error appearing on

the record. *State v. Hanus*, 3 Neb. App. 881, 534 N.W.2d 332 (1995).

## ANALYSIS

*Failure to Stop at Stop Sign.*

Schmuecker argues that there was insufficient evidence that he failed to stop at the stop sign at the intersection of North Railroad Street and Fifth Avenue because the State failed to establish whether there were lines or a crosswalk at the intersection. We disagree. Engels testified that "Schmuecker's vehicle failed to stop at the stop sign there and proceeded northbound on Fifth . . . ."

Section 60-6,148(2) requires that

> every driver of a vehicle approaching an intersection where a stop is indicated by a stop sign shall stop at a clearly marked stop line or shall stop, if there is no such line, before entering the crosswalk on the near side of the intersection or, if no crosswalk is indicated, at the point nearest the intersecting roadway . . . before entering the intersection.

According to the plain language of § 60-6,148(2), whether or not the intersection had a crosswalk or marked stop lines, Schmuecker was nonetheless required to stop. Engels testified that Schmuecker failed to do so. Schmuecker's assignment of error, that there was insufficient evidence to convict him for failure to stop at a stop sign, is without merit.

*Driving While Intoxicated.*

Schmuecker argues that it was plain error for the county court to receive the results of a chemical blood test into evidence without the State's having shown that he had been advised of the consequences both of refusing and of submitting to and failing such test. The record reflects that Schmuecker failed to file a motion to suppress the results of his chemical blood test. There was no objection to the admission into evidence of exhibit 1, the hospital form containing the results of the chemical blood test, or to the testimony from the medical technologist that Schmuecker's blood alcohol level registered .16. Neither the text of the advisement given to Schmuecker nor the advisement form is in the record.

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, or fairness of the judicial process. *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996). It is clear from the record that an advisement was given to Schmuecker and an advisement form was read to Schmuecker. However, such form is not contained in the record. We, therefore, cannot say that there is error plainly evident from the record with regard to the county court's admission of the results of the chemical blood test.

It is incumbent upon a party relying on evidence to meet its burden to include that evidence in the trial record and on appeal; absent such a record which supports the appeal, the decision of the trial court is to be affirmed. *Wolgamott v. Abramson, ante* p. 478, 560 N.W.2d 859 (1997). We are also aware of the possibility of taking judicial notice of certain of the records and files of this court; however, there are apparently no records and files of this court which are interdependent and interwoven with the instant case, and none have been brought to our attention. See *id.*

A violation of § 60-6,196 can be proved in more than one way, i.e., by excessive blood alcohol content shown through a chemical test or by evidence of physical impairment plus other well-known indicia of intoxication. *State v. Smith*, 4 Neb. App. 66, 537 N.W.2d 539 (1995). The record reflects that Engels testified that Schmuecker ran a stop sign, had an odor of alcohol about him, had red and bloodshot eyes, had difficulty with balance, and failed two field sobriety tests. Such evidence is sufficient to support the county court's finding, without reliance on a chemical test, that Schmuecker was driving while intoxicated, in violation of § 60-6,196. Schmuecker's assignment of error that the evidence was insufficient to convict him of driving while intoxicated is without merit.

We affirm Schmuecker's convictions for driving while intoxicated and for failure to stop at a stop sign.

AFFIRMED.