STATE OF NEBRASKA, APPELLEE, V.
JAMES P. PATTERSON, APPELLANT.
585 N.W. 2d 625

Filed October 20, 1998.   No. A-98-199.

Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

SIEVERS and MUES, Judges, and HOWARD, District Judge, Retired.

MUES, Judge.

## INTRODUCTION

James P. Patterson appeals his conviction for violation of a protection order, claiming that the order was erroneously admitted into evidence. We disagree and affirm.

## BACKGROUND

On January 2, 1997, Mindy Merrill filed an application and affidavit for a protection order and obtained an ex parte protection order against her ex-boyfriend, Patterson. The protection order was served on Patterson later that same day. The protec-

tion order advised Patterson that if he did not believe the allegations in the application to be true or if he wished to show cause why the order should not remain in effect for 1 year, he could appear at a hearing to be held January 8. Patterson did not appear at the hearing, and the court ordered that the protection order remain in full force and effect for a period of 1 year from the date it was issued.

On the evening of April 9, 1997, Patterson went to Merrill's residence to pick up his daughter. Merrill and Patterson got into an argument, and she asked him to leave. Patterson left, but returned seconds later. Merrill let Patterson back in, and they continued arguing. Merrill again requested that Patterson leave. Patterson left. Several minutes later, Merrill heard Patterson kicking her patio door and screaming at her. Merrill telephoned police, who subsequently arrested Patterson for violating the protection order.

A bench trial was held on June 19, 1997, in the Lancaster County Court, and Patterson was found guilty of the charges and sentenced to 1 year's probation. Patterson appealed to the district court, which affirmed the county court's judgment.

## ASSIGNMENT OF ERROR

Patterson alleges the trial court erred in admitting the protection order into evidence. The State argues that we are precluded from addressing Patterson's assigned errors because they were not assigned in his appeal to the district court. See *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). In district court, Patterson's assigned errors were that (1) the county court had erred in admitting the protection order into evidence and (2) there was insufficient evidence to support the conviction. While Patterson has abandoned the latter assignment in this court, he retains the former, urging two specific grounds for the order's inadmissibility. The State's position is without merit.

## STANDARD OF REVIEW

■ Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. McCurry*, 5 Neb. App. 526, 561 N.W.2d 244 (1997).

■ As to questions of law, an appellate court has an obligation to reach its conclusion independent of the determination made by the court below. *Medical Protective Co. v. Schrein*, 255 Neb. 24, 582 N.W.2d 286 (1998).

■ The admissibility of evidence is reviewed for an abuse of discretion where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court. *Carpenter v. Cullan*, 254 Neb. 925, 581 N.W.2d 72 (1998); *State v. Allen*, 252 Neb. 187, 560 N.W.2d 829 (1997).

## DISCUSSION

Patterson first alleges that the county court erred in admitting the protection order into evidence because the "prosecution failed to establish that the order had been served upon [Patterson] as required by law." Brief for appellant at 5.

The ex parte protection order served upon Patterson provides:

> The Petitioner has filed an application and affidavit for a Protection Order from the court, as allowed by law. On the information provided, the Court finds as follows:
>
> IT IS ORDERED that the Respondent be, *and hereby is*, prohibited, *for a period of one year* from the date of this Order, from:
>
> . . . .
>
> 2. Threatening, assaulting, molesting, attacking or otherwise disturbing the peace of the Petitioner.
>
> . . . .
>
> 4. Entering upon the premises occupied by the Petitioner as his/her residence.

(Emphasis supplied.)

The ex parte protection order also contains a section entitled "Notice of Hearing to Respondent," informing Patterson that a hearing was set for January 8, 1997, and stating, "You may appear before the court at that time, if you believe the allegations in the application are untrue or if you wish to show cause . . . [w]hy this Order should not remain in effect for one year from this date."

Patterson asks us to "carefully review the statute which authorizes the issuance of a protection order, and subsequent criminal prosecution for a violation of such order." Brief for

appellant at 5. We have. Neb. Rev. Stat. § 42-924(3) (Reissue 1993) in pertinent part provides that "any person who knowingly violates an order issued pursuant to subsection (1) or (2) of this section after service shall be guilty of a Class II misdemeanor."

Neb. Rev. Stat. § 42-925 (Reissue 1993) provides that any protection order issued under subsection (1) or (2) of § 42-924 may be issued ex parte without notice to the adverse party and, in that event, "the court shall cause immediate notice of the application and order to be given the adverse party stating that he or she may show cause, not less than five days after service upon him or her, why such order should not *remain* in effect." (Emphasis supplied.) The January 2, 1997, ex parte order in this case contains such notice and fully complies with the statutory requirements. In his brief, Patterson concedes that he was served with a copy of the ex parte protection order, and indeed a certified copy of process of service was received into evidence, reflecting that Patterson was served with a copy of the order on January 2.

The trial court's docket sheet, which was admitted into evidence, reflects that a hearing was held on January 8, 1997, that Patterson did not appear at the hearing, and that the protection order was to remain in full force and effect. Patterson's argument on this point, as we read it, is that the January 2 protection order should not have been admitted into evidence in the absence of the State's proving that he had been served with the January 8 order. We take this to be a foundational objection to the admission of the January 2 order. It is without merit.

Patterson does not explain why service of the January 8, 1997, continuation order is a legal predicate to the admissibility of the protection order and cites no authority for that proposition. In order to convict someone of violating a protection order, the State must prove: (1) entry of the protection order pursuant to subsection (1) or (2) of that section, (2) service of the order on the defendant, and (3) knowing violation of the order. See § 42-924. There is no dispute that the protection order here was entered pursuant to subsections (1) and (2) of § 42-924 and was ex parte as allowed by § 42-925. There is no dispute that the order was served on Patterson before the alleged violation and was still in effect according to its terms. While Patterson may

well argue that he did not understand the order and thus did not knowingly violate it, that is a far different matter from successfully precluding the order's admission into evidence.

Citing *State v. Yelli*, 247 Neb. 785, 530 N.W.2d 250 (1995), Patterson next argues that the protection order was inadmissible because "the prosecution provided no evidence that the protection order possessed any indicia of reliability." Brief for appellant at 9.

In *Yelli*, the defendant was charged with two counts of criminal nonsupport. The defendant had previously been determined to be the father of the children in two separate paternity adjudications and had been ordered to pay support for the children. The paternity adjudications were offered as evidence at the defendant's criminal trial to prove that the defendant knew he had an obligation to support the two children. The defendant was convicted of nonsupport and appealed, alleging that it was error for the trial court to admit the paternity adjudications as proof that he knew he had an obligation to support the two children.

The Nebraska Supreme Court initially addressed the issue of whether the civil adjudications were res judicata in the criminal prosecution. The court observed that in a civil proceeding, paternity need only be proved by a preponderance of the evidence. Thus, the court held that the defendant was not estopped from denying paternity in the criminal proceeding, which required proof beyond a reasonable doubt.

The court next addressed whether the civil judgments could be admitted as evidence of paternity. The court recognized that civil judgments are technically hearsay but have nonetheless been admitted into evidence "when the prior judgment possessed the evidentiary reliability that the hearsay rule seeks to promote." 247 Neb. at 792, 530 N.W.2d at 255. The court recalled that in *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988), it had determined that an indigent defendant in a state-assisted paternity action has a constitutional right to the services of appointed counsel. Because the record did not affirmatively show that the defendant had been represented by counsel in the civil adjudications, the court found that the civil adjudications did not possess the evidentiary reliability that the hearsay rule seeks to promote.

As discussed, in the present case, the protection order was issued in compliance with the applicable statutes, and Patterson does not contend otherwise. The evidence established, and Patterson acknowledged, that he was served with a copy of the protection order. The order stated that it was effective for 1 year from the date of issue, and Patterson was given the opportunity to appear to contest the allegations and the continuance of the order. We know of no Nebraska Supreme Court case requiring that an adverse party is entitled to counsel before an ex parte protection order is entered, and of course, the notion is untenable when considering the nature of such proceedings. Thus, that aspect of "unreliability" found present in *Yelli* is not present here. Indeed, the reliability of the protection order here is enhanced by the evidence that Patterson failed to appear at the January 8, 1997, hearing to challenge it.

Moreover, in *Yelli* the civil adjudication was offered to prove necessary elements of the crime, i.e., the defendant was the father of the two children and had an obligation to support them. Here, the crime is a knowing violation of the protection order. The issues necessarily decided as a condition to the issuance of the order are not elements of the crime alleged here. Thus, we conclude that Patterson's *Yelli* objection to the admissibility of the protection order is without merit.

## CONCLUSION

The district court's order affirming the county court's conviction and sentence was correct and is hereby affirmed.

AFFIRMED.